PER CURIAM.
The issue raised in this appeal is whether the plaintiffs in a personal injury action demonstrated good cause why service was not made within 120 days as required by rule 1.0700), Florida Rules of Civil Procedure. We conclude that good cause was shown and, therefore, the trial court abused its discretion by dismissing the action.
Joyce and Peter Payne (the Paynes) sued the appellees for injuries Mrs. Payne suffered in an automobile accident allegedly caused by the appellees. Suit was initially filed in Hillsborough County. No challenge was made to service in that case. However, the. Paynes voluntarily dismissed that suit and filed this action in Pasco County in response to a motion to abate for improper venue. On a date not reflected in the record, counsel for the appellees died. On October 28, 1996, appellees’ new counsel filed a notice of appearance for the limited purpose of moving to dismiss the case for failure to serve the complaint within 120 days of its refiling. At the hearing on the motion, the Paynes’ counsel presented, by unrebutted affidavit, his agreement with the appellees’ first counsel that the Paynes would not have to serve the appellees when the suit was refiled in Pasco County. For reasons that are not clear from the record, the trial court stated, “It’s clear, Mr. Mastrelli (Paynes’ counsel) that you cannot rely on your agreement with Mr. Wilson (appellees’ deceased counsel).” Based on our review of the record, we conclude that the agreement with appellees’ first counsel does constitute good cause and the trial court abused its discretion by reaching a contrary conclusion.
Accordingly, we reverse the order dismissing the action and remand for further proceedings.
PATTERSON, A.C.J., and FULMER and NORTHCUTT, JJ., concur.