PER CURIAM.
This Court on its own motion finds it necessary to amend Florida Rule of Civil Procedure 1.070(j), which governs the time limit for service of process. Rule 1.070(j) currently provides as follows:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
This rule was patterned after Federal Rule of Civil Procedure 4(j), now recodified as rule 4(m). The purpose of the rule is to assure diligent prosecution of lawsuits once a complaint is filed. See Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992). Because the rule requires that an action shall be dismissed without prejudice absent a showing of good cause why service was not made within 120 days, the discretion afforded the trial court is limited to those cases in which reasonable cause for the failure to effect timely service is documented. Id. at 540. The application of this rule sometimes acts as a severe sanction. For example, even if dismissal under the rule is without prejudice, a plaintiff would be unable to refile suit in cases where the statute of limitations has expired.
In recognition of the severity of the sanction of dismissal, rule 4(m) was amended in the 1993 revision to the federal rules to read as follows:
(m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(l).
(Emphasis added.) The rule as amended grants a court broad discretion to extend the time for service even when good cause has not been shown. See Espinoza v. United States, 52 F.3d 838 (10th Cir.1995). But the rule requires a mandatory extension where good cause for the failure to serve is shown. Id. As Judge Pariente stated in a specially concurring opinion in Taco Bell Corp. v. Costanza:
By allowing a trial court broad discretion to grant an extension to serve the summons even when good cause has not been demonstrated, rule 4(m) now truly fulfills its function as a case management tool, without the harsh effects of the old rule. I join with Judge Griffin in urging revision of rule 1.070(f) along the lines of rule 4(m). See Maher v. Best Western Inn, 667 So.2d 1024, 1025 (Fla. 5th DCA) (Griffin, J., dissenting), review dismissed, 676 So.2d 1368 (Fla.1996).
686 So.2d 773, 774 (Fla. 4th DCA 1997) (Pariente, J., concurring specially). As noted by Judge Griffin: “The rule in its present form has been widely and properly criticized.” Maher v. Best Western Inn, 667 So.2d 1024, 1026 (Fla. 5th DCA 1996)(Griffin, J., dissenting). It has been referred to as a “procedural pit” and acts as a catalyst for further litigation. See, e.g., Greco v. Pedersen, 583 So.2d 783, 785 (Fla. 2d DCA 1991) (“We are dismissing this case, while perhaps upholding the predicate for a new lawsuit against yet *506 another attorney, in the supposed interest of efficient judicial administration.”).
We conclude that we should amend rule 1.070(j) consistent with the current federal rule. We propose to amend rule 1.070(j) as follows:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the-party-on-whose-behalf sendee is required does not-show-good-eause-wh-y-ser-vice was not made within-that.time,-the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action-shall-be-dismissed: without prejudice or drop that defendant dropped as a party-on — the-eeurt^s—own—initiative after notice or on motion.; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
We direct that this proposed amendment to rule 1.070(j) be published in the next issue of The Florida Bar News. We ask that the Florida Bar Civil Procedure Rules Committee and interested persons submit any comments on the proposed rule within thirty days of the date of publication.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.