761 So.2d 349 (2000)
Ljubo SKRBIC, Appellant,
v.
QCRC ASSOCIATES CORP., et al., Appellee.
No. 3D99-195.
District Court of Appeal of Florida, Third District.
March 15, 2000.
Rehearing Denied July 26, 2000.
*350 Arthur Joel Berger, Miami, for appellant.
Cole White & Billbrough and G. Bart Billbrough, Miami, for appellee.
Before JORGENSON, COPE, and LEVY, JJ.
LEVY, Judge.
Appellant appeals from an Order finding that he did not show good cause for failing to perfect service of process within the time period prescribed by Florida Rule of Civil Procedure 1.070(j) and dismissing his Complaint with prejudice. We agree with the trial court's finding that appellant failed to show good cause for his failure to serve defendants within the appropriate time period. However, because of the recent amendment to Rule 1.070(j), we remand to the trial court for the purpose of making a finding as to whether or not there was "excusable neglect" on the part of appellant which would excuse his failure to serve process within the 120-day period required by the Rule. See Amendment to Florida Rule of Civil Procedure 1.070(j)-Time Limit for Service, 746 So.2d 1084 (Fla.1999); Almeida v. FMC Corp., 740 So.2d 557 (Fla. 3d DCA 1999).
On October 16, 1997, appellant filed a Complaint against defendants, Quality Car Rental (the owner of the vehicle), Carlos Fidalgo and Leyda Ferguson (the directors of Quality Car Rental) and Yusuf Yildrim (the driver of the vehicle) (collectively "Appellees"), seeking damages for injuries sustained in an automobile accident that occurred on October 16, 1993.[1] On or about November 25, 1997, appellee, Quality Car Rental, filed a "Notice of Stay Pursuant to Florida Law" which declared that its insurer was insolvent and noted that, because the jurisdiction of Florida Insurance Guarantee Association (FIGA) was triggered, the action is stayed for up to six months pursuant to section 631.67, Florida Statute.[2] Attached with the Notice, *351 Quality Car Rental also filed an insolvency order from the Supreme Court of New York dated November 20, 1997.
Appellant did not attempt (and has to this date never attempted) to serve the Complaint during this period. On October 27, 1998, appellees moved to dismiss the Complaint for failure to serve the appellees within the 120-day period prescribed in Florida Rule of Civil Procedure 1.070(j). A hearing on the motion was held on December 4, 1998. The trial court, finding that appellant did not show good cause for failing to serve process within the 120 days, entered an Order granting the Motion to Dismiss with prejudice. This appeal ensued.
Appellant first argues that, pursuant to Rule 1.070(j), the Complaint must be served within the first 120 days immediately following the filing of the Complaint and that any event that interrupts that specific period, and thereby makes it impossible for the plaintiff to serve defendants within those first 120 days, is automatic good cause sufficient to avoid a dismissal. Accordingly, appellant argues, once the initial 120-day period was interrupted by the filing of the "Notice of Stay," making it impossible for appellant to serve the Complaint within the said initial 120-day period, good cause was automatically shown. We find such an interpretation of the Rule to be illogical, because it would clearly lead to results contrary to the intent of the Rule. See Nationsbank, N.A. v. Ziner, 726 So.2d 364, 366 (Fla. 4th DCA 1999) ("The purpose of Rule 1.070(j) is to prevent a plaintiff from filing a suit and then taking no action whatsoever to proceed on the claim.").
Where, as in the instant case, the plaintiff cannot serve the defendants within the first 120 days following the filing of the Complaint, we find that the 120-day period is tolled until such time as the case may proceed, whether by operation of law or trial court Order. Accordingly, we hold that at the conclusion of the six-month stay, the 120-day period again began to run. Since, in the instant case, 40 days passed between the filing of the Complaint and the filing of the "Notice of Stay", the appellant had 80 days remaining within which to serve the appellees after the stay was lifted by operation of law. Although we recognize that the language of the Rule does not provide for any tolling periods, treating a FIGA "Notice of Stay" as a tolling period is, for the reasons explained above, the most logical and sensible approach to the question. Since appellant did not serve a copy of the Complaint on any of the appellees at any time between the filing of the Complaint on October 16, 1997, and the date of the hearing on appellees' Motion to Dismiss on December 4, 1998, a period of almost 14 months (of which only six months was excused because of the FIGA "Notice of Stay"), we find that the trial court was eminently justified in making the finding that the appellant did not show good cause for failing to serve process within the 120 days as required by Rule 1.070(j) as it was in effect at that time.
At the time of the December, 1998, hearing, Rule 1.070(j) provided:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.
Fla. R. Civ. Pro. 1.070(j)(1998)(emphasis supplied). In March, 1999, while this case was on appeal, the Supreme Court amended Rule 1.070(j). Amendment to Florida Rule of Civil Procedure 1.070(j)-Time Limit for Service, 746 So.2d 1084, (Fla. *352 1999). The new version of the Rule provides:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.

Amendment to Florida Rule of Civil Procedure 1.070(j), 746 So.2d 1084,(emphasis supplied). At the time of the December 1998 hearing, the amended version of the Rule was not available to the trial judge. In Amendment to Florida Rule of Civil Procedure 1.070(j)-Time Limit for Service, 746 So.2d 1084, (Fla.1999), the Supreme Court held that "the amendment shall apply to all civil cases commenced after the date of this opinion and, insofar as just and practicable, to all civil cases pending as of the date of this opinion." Therefore, the instant case was "in the pipeline" at the time of the amendment and the parties are entitled to findings under the amended Rule. Accordingly, we remand this case to the trial court for the purpose of making a finding as to whether or not there was "excusable neglect" on the part of the appellant that would excuse his failure to serve process within the above-described 120-day period.
JORGENSON, J., concurs.
COPE, J. (concurring in part and dissenting in part).
While I agree that the order must be reversed, I would remand with directions to reinstate the plaintiff's complaint.

I.
On the last day of the statute of limitations, plaintiff filed this suit. Thirty days later, a notice of stay was filed on account of the insolvency proceedings for the liability insurer who would be responsible for the defense of the defendants. This created an automatic stay of the case for six months. Of course, the stay could be extended if the insolvency proceedings lasted beyond six months.
Florida Rule of Civil Procedure 1.070(j) requires that the defendants be served within 120 days after the filing of the complaint unless there is good cause not to do so. Obviously in this case there was a stay in effect through, and beyond, the 120th day. That being so, the plaintiff showed good cause why the defendants had not been served within 120 days. The motion to dismiss should have been denied and the trial court should have set a deadline for the plaintiff to accomplish service. See Almeida v. FMC Corp., 740 So.2d 557, (Fla. 3d DCA 1999); Vidal v. Perez, 720 So.2d 605 (Fla. 3d DCA 1998).
We should be especially reluctant to approve a Rule 1.070(j) dismissal under the circumstances present here. The entire delay in this case was created because someone on the defendants' side of the casethe liability insurerfiled a notice of stay. The defendants received the benefit of the fact that the case could not proceed against them. No one ever filed a notice indicating that the automatic stay had expired. It is unseemly to allow the defendants to argue that the plaintiff did not proceed quickly enough, when it was someone on the defendants' side of the case who caused the proceedings to come to a halt.
The majority opinion takes the unprecedented step of expanding old Rule 1.070(j) by saying that the 120-day deadline is tolled during the period of a stay, and then begins to run anew when the stay expires. The rule does not say that. All the rule calls on the plaintiff to do is show good cause why he did not serve the defendants by the 120th day. The plaintiff has made the necessary showing.
*353 By expanding the scope of old Rule 1.070(j), the majority opinion has overlooked what the Florida Supreme Court itself has said about the old rule:
As noted by Judge Griffin: "The rule in its present form has been widely and properly criticized." Maher v. Best Western Inn, 667 So.2d 1024, 1026 (Fla. 5th DCA 1996) (Griffin, J., dissenting). It has been referred to as a "procedural pit" and acts as a catalyst for further litigation. See, e.g., Greco v. Pedersen, 583 So.2d 783, 785 (Fla. 2d DCA 1991) ("We are dismissing this case, while perhaps upholding the predicate for a new lawsuit against yet another attorney, in the supposed interest of efficient judicial administration.").
Amendment to Florida Rule of Civil Procedure 1.070(j)Time Limit for Service, 720 So.2d 505, 505-06 (Fla.1998). In light of the just-stated criticisms, this court should not expand old Rule 1.070(j) beyond its plain terms.
Since a stay prevented service on the defendants within 120 days, we should hold that good cause was shown under old Rule 1.070(j). We should remand with directions to reinstate the plaintiff's complaint and set a deadline for service of process on defendants.

II.
The defendants have candidly, and quite properly, conceded that the newly amended Rule 1.070(j) applies to cases that are pending "in the pipeline" on appeal. See Thomas v. Silvers, 748 So.2d 263 (Fla. 1999); Almeida v. FMC Corp., 740 So.2d 557.
If good cause was shown under the old rule, it necessarily has been shown under the new rule. Therefore plaintiff is entitled to reinstatement under the new rule as well.
The majority opinion remands for the trial court to determine whether there was excusable neglect within the meaning of the new rule. With all due respect, the majority opinion misinterprets the new rule.
Newly amended Rule 1.070(j) provides in part:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading, the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.
Amendment to Florida Rule of Civil Procedure 1.070(j)Time Limit for Service, 746 So.2d 1084, 1084 (Fla.1999).
The majority opinion has overlooked the language which precedes the semicolon. The Florida Supreme Court has explained:
The newly amended rule broadens a trial court's discretion to permit an extension of time for service of process absent a showing of good cause. This amendment brings rule 1.070(j) in line with its federal counterpart, Federal Rule of Civil Procedure 4(m). The amended rule provides that when a plaintiff fails to effect timely service of process without showing good cause or excusable neglect, the trial court retains the discretion to (1) extend the period for service, (2) dismiss the action without prejudice, or (3) drop that defendant as a party.
Thomas v. Silvers, 748 So.2d at 264-65 (emphasis added); see Totura & Co., Inc. v. Williams, 754 So.2d 671 (Fla.2000).
Under the new rule, even if there is no showing of good cause or excusable neglect, the trial court has the discretion to extend the time period for service, dismiss without prejudice, or drop the unserved defendant as a party. These options are addressed to the discretion of the trial *354 court, and a trial court ruling will be reviewable for abuse of that discretion.
In this case the complaint was filed on the last day of the statute of limitations. While the plaintiff has, in fact, shown good cause for not serving the defendants by the 120th day, for purposes of discussion I will assume that the plaintiff's showing does not rise to the level constituting good cause or excusable neglect.
Assuming that is the state of affairs, the trial court would in my judgment be obligated to pick the first optionextend the period of time for service. That is so because a dismissal in this case would amount to a dismissal with prejudice. Discretion in these circumstances must be exercised with the understanding that Florida has a long-standing policy in favor of resolving civil disputes on the merits. Furthermore, the purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a "free" dismissal with prejudice. Thus, where there has been no showing of good cause or excusable neglect, but the statute of limitations has run, discretion should normally be exercised in favor of giving the plaintiff an extension of time to accomplish service.
The majority opinion focuses on the part of the amended rule which comes after the semicolon. That part of the new rule indicates that "if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period." Amendment to Florida Rule of Civil Procedure 1.070(j)Time Limit for Service, 746 So.2d at 1084 (emphasis added). The purpose of this part of the rule is to say that if good cause or excusable neglect has been shown, then the court must extend the time and does not have discretion to do anything else.
However, as already stated, even where there is no showing of good cause or excusable neglect, the court still must make a decision whether to extend the time for serviceand where the statute of limitations has run, that discretion should be exercised in favor of extending the time for service.
The substantial problem with the majority opinion is that it is squarely in conflict with the Florida Supreme Court's opinion in Thomas as well as the plain words of amended Rule 1.070(j). The majority opinion says that the plaintiff's entitlement to an extension of time depends on whether excusable neglect is shown. That interpretation is dead wrong.

III.
For the reasons stated, I would reverse the order under review and remand with directions to reinstate plaintiff's complaint and grant an extension of time in which to serve the defendants.
NOTES
[1] We note that the Amended Complaint, upon which we are now traveling, was filed on the very last day permissible under the four-year statute of limitations.
[2] Section 631.67, Florida Statutes provides that:

[a]ll proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court or before any quasi-judicial body or administrative board in this state shall be stayed for 6 months, or such additional period from the date the insolvency is adjudicated, by a court of competent jurisdiction to permit proper defense by the association of all pending causes of action as to any covered claims; provided that such stay may be extended for a period of time greater than 6 months upon proper application to a court of competent jurisdiction.
§ 631.67, Fla. Stat. (1999).