793 So.2d 102 (2001)
W. Ronald CHAFFIN, Appellant,
v.
Robert A. JACOBSON, individually, Integrated Control Systems, Inc., a Florida corporation, Integrated Control Systems, Inc., a Connecticut corporation; James B. Irwin, individually, and the Estate of Donald Cerbone, Appellees.
No. 2D00-4984.
District Court of Appeal of Florida, Second District.
August 17, 2001.
Kelley B. Gelb of Krupnick, Campbell, Malone, Roselli, Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., Fort Lauderdale, for Appellant.
Vance R. Dawson and Stephanie A. Segalini of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee, Integrated Control Systems, Inc.
FULMER, Judge.
W. Ronald Chaffin appeals from an order dismissing his complaint without prejudice as to Integrated Control Systems, Inc., a Connecticut corporation (hereinafter IMPAC CONN), for failure to perfect timely service of process. We reverse and remand with directions to reinstate the complaint.
On November 1, 1999, Chaffin filed a pro se complaint naming six defendants including IMPAC-CONN. Chaffin never successfully served IMPAC-CONN with that complaint, despite his attempt on November 15, 1999, to issue a summons for service on IMPAC-CONN through the Florida Secretary of State. Thereafter, Chaffin retained a law firm to represent him in the litigation, and an amended complaint was filed on February 1, 2000. On May 26, 2000, Chaffin moved for an extension of time within which to serve IMPACONN.[1] An alias summons was issued on May 30, 2000, and service was accomplished *103 on June 16, 2000, by serving IMPAC-CONN's registered agent in Bristol, Connecticut.
On July 10, 2000, IMPAC-CONN filed a motion to dismiss based upon Chaffin's failure to perfect service within the 120-day deadline under Florida Rule of Civil Procedure 1.070(j). After a hearing, the trial court entered an order granting the motion to dismiss without prejudice. Because the statute of limitations had run on Chaffin's claim against this defendant, the order granting the motion to dismiss acted as a dismissal with prejudice.
The hearing on the motion to dismiss was held on October 5, 2000. The parties presented argument to the trial court pertaining to whether good cause existed for the delay in service, but they did not discuss the 1999 amendment to rule 1.070(j),[2] which broadened the trial court's discretion to extend the period for service without a showing of good cause or excusable neglect. See Amendment to Florida Rule of Civil Procedure 1.070(j)Time Limit for Service, 746 So.2d 1084 (Fla.1999); Thomas v. Silvers, 748 So.2d 263 (Fla. 1999). On appeal, Chaffin does not assert, as he did below, that he showed good cause for the delay in service; rather, he argues that the trial court abused its discretion in not applying the new version of rule 1.070(j) and not allowing the additional time for service. We recognize that the parties failed to discuss the amended rule at the hearing on the motion to dismiss; nevertheless, we are compelled to reverse because Chaffin was entitled to the benefit of the rule in effect at the time of the hearing and the trial court's dismissal was an abuse of discretion under the circumstances.
In proposing the 1999 amendment to rule 1.070(j), the supreme court explained that prior to amendment the rule sometimes acted as a severe sanction instead of a case management tool. See Amendment to Florida Rule of Civil Procedure 1.070(j)Time Limit For Service, 720 So.2d 505 (Fla.1998). In making the proposal to amend the rule, the supreme court gave an example to illustrate the need for the amendment. Id. The example given was the identical situation before this court, in which a dismissal without prejudice would preclude refiling because the statute of limitations had run. Id. Thus, the supreme court amended the rule to give a trial court broad discretion to extend the time for service even when good cause has not been shown.
As now written, the rule presents a trial court with three options when a plaintiff has not properly served a defendant within 120 days after filing the initial pleading. Those options are: (1) direct that service be effected within a specified *104 time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. Yet, in a case such as this, where the statute of limitations has run, we agree with Judge Cope that:
Discretion in these circumstances must be exercised with the understanding that Florida has a long-standing policy in favor of resolving civil disputes on the merits. Furthermore, the purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a "free" dismissal with prejudice. Thus, where there has been no showing of good cause or excusable neglect, but the statute of limitations has run, discretion should normally be exercised in favor of giving the plaintiff an extension of time to accomplish service.
Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part). Thus, we conclude that because the statute of limitations had run and service had been obtained at the time of the hearing on the motion to dismiss, the trial court abused its discretion in not extending the period of time for service.
Reversed and remanded for further proceedings.
BLUE, C.J., and DAVIS, J., Concur.
NOTES
[1] The record does not reflect a ruling on this motion.
[2] Florida Rule of Civil Procedure 1.070(j) was amended again on February 17, 2000, in Totura & Co. v. Williams, 754 So.2d 671 (Fla. 2000), and now provides:

Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. If a motion for leave to amend or proposed amended complaint sufficiently identifies the new party or parties and contains a short statement of facts for which relief will be demanded, the 120-day period for service of amended complaints shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).