838 So.2d 1249 (2003)
Charles KOHLER, Appellant,
v.
Angelica T. VEGA-MALTES, Appellee.
No. 2D02-2442.
District Court of Appeal of Florida, Second District.
March 12, 2003.
*1250 Manuel N. Lindiakos and Celene Humphries of Manuel N. Lindiakos, P.A., Tarpon Springs, for Appellant.
John Boult of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellee.
WHATLEY, Judge.
Charles Kohler appeals the dismissal of his complaint for failure to comply with Florida Rule of Civil Procedure 1.070(j), which requires service of process within 120 days of filing the complaint. We reverse.
Florida Rule of Civil Procedure 1.070(j) provides the following:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period....
In Chaffin v. Jacobson, 793 So.2d 102, 104 (Fla. 2d DCA 2001), this court held that if a plaintiff demonstrates good cause or excusable neglect for the failure to make timely service, the trial court must extend the time for service and it has no discretion to do otherwise. However, this court further held that if neither good cause nor excusable neglect is shown, the trial court still has discretion in deciding whether to dismiss a complaint. Id. This court noted that Florida has a long-standing policy in favor of resolving civil disputes on the merits, and therefore, where the statute of limitations has run and there has been no showing of good cause or excusable neglect, discretion should be exercised in favor of giving the plaintiff an extension of time to accomplish service. Id. This court held that the trial court abused its discretion in not extending the period of time for service where service had been obtained at the time of the hearing on the motion to dismiss and the statute of limitations had run. Id.
In the present case, Kohler filed his complaint on December 1, 2000, and therefore, service was required to be accomplished by April 2, 2001. On March 2, 2001, a summons was issued, and on April 16, an affidavit of nonservice was filed by Kohler's private investigation firm. On May 17, 2001, Kohler filed a motion for extension of time to accomplish service, which was granted, and on July 18, Kohler filed an affidavit of compliance.
On March 17, 2001, the litigation assistant for Kohler's counsel became very ill and missed work during the following weeks, and on April 11, 2001, the assistant underwent surgery. On March 21, 2001, the mother of Kohler's counsel unexpectedly passed away, and counsel was out of the office for a couple of weeks.
We agree with Kohler that such facts establish good cause and excusable neglect for the failure to timely effectuate service of process. Further, even if there had not *1251 been a showing of good cause or excusable neglect, the trial court abused its discretion in granting the motion to dismiss where the statute of limitations had run and an affidavit of compliance had been filed at the time of the hearing on the motion to dismiss. Id.
Reversed and remanded for further proceedings.
SILBERMAN and KELLY, JJ., Concur.