994 So.2d 360 (2008)
PREMIER CAPITAL, LLC, etc., Appellant,
v.
Catherine DAVALLE, Appellee.
No. 3D08-563.
District Court of Appeal of Florida, Third District.
September 17, 2008.
Rehearing Denied November 12, 2008.
*361 Rothstein Rosenfeldt Adler and Riley W. Cirulnick and Richard Storfer, Fort Lauderdale, for appellant.
Rodham & Fine and Gary R. Fine, Fort Lauderdale, for appellee.
Before WELLS, SUAREZ, and CORTIÑAS, JJ.
CORTIÑAS, J.
Appellant, Premier Capital, LLC ("Premier") seeks review of the trial court's denial on the merits of its motion for reconsideration. The motion for reconsideration ("Motion for Reconsideration") addressed the trial court's granting of Catherine Davalle's ("Davalle") motion to quash service and its denial of Premier's ore tenus motion seeking an extension of time for service. The transcript of the Motion for Reconsideration demonstrates that the trial court failed to consider that it was permitted to grant an extension of time for service even without a showing of good cause. As such, we reverse and remand.
Davalle personally guaranteed a promissory note entered into by Intelligence Systems, Inc. ("ISI"). The promissory note and the personal guaranty were assigned to Premier. ISI defaulted on the promissory note and Davalle failed to make payments pursuant to the personal guaranty. Premier sued Davalle to recover the monies owed.
The original summons was issued on March 29, 2006. Davalle was not served within the 120-day time limit set forth in Florida Rule of Civil Procedure 1.070(j). An attempt was made to serve Davalle on August 4, 2006, at which time the process server was informed that Davalle was "unknown at the given address." An alias summons was issued on August 23, 2006. An attempt to serve Davalle at the same address as that specified on the original summons was made on December 29, 2006. The process server was informed by Davalle's daughter that Davalle did not live at the address and she refused to give any further information relating to her mother. A pluries summons was issued on October 1, 2007. This summons was successfully served on Davalle's husband on October 16, 2007 at the same address as was listed on the original summons and the alias summons.
Rule 1.070 of the Florida Rules of Civil Procedure provides a trial judge with broad discretion in granting an extension of time to serve process. See Fla. R. Civ. P. 1.070(j); Chaffin v. Jacobson, 793 So.2d 102, 103 (Fla. 2d DCA 2001). The pertinent text of rule 1.070(j) states the following:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if *362 the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period....
In effect, rule 1.070(j) provides the trial court with three options: "(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party." Chaffin, 793 So.2d at 103-04. As such, even if no showing of good cause or excusable neglect is presented, the trial court has the option to exercise its discretion to extend the time for service. Id.; Carter v. Winn-Dixie Store, Inc., 889 So.2d 960 (Fla. 1st DCA 2004).
In Chaffin, the trial court granted a motion to dismiss without prejudice because of the plaintiff's failure to perfect service within the 120-day time limit set forth in rule 1.070(j). Chaffin, 793 So.2d at 103. The statute of limitations had run on the claim, which effectively turned the motion to dismiss into a dismissal with prejudice. Id. At the hearing on the motion to dismiss, the trial court failed to address that it could extend the period for service even without a showing of good cause or excusable neglect, thereby avoiding what turned into a dismissal with prejudice. Id. As such, the Second District reversed on the basis that "because the statute of limitations had run and service had been obtained at the time of the hearing on the motion to dismiss, the trial court abused its discretion in not extending the period of time for service." Id. at 104 (agreeing with Judge Cope's concurring opinion in Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) that in a situation where the statute of limitations has run, discretion must be exercised in accordance with Florida's policy in favor of resolving civil disputes on the merits).
Here, Premier's Motion for Reconsideration was denied on the merits because the trial court determined that Premier made "no showing of anything done to perfect service within the first 120 days." The circumstances of this case, including that the process server was incorrectly told that Davalle was unknown at the address specified on the summons, and the fact that Davalle was ultimately served at this same address, suggest that the process server was purposely led astray by Davalle's daughter. However, we do not address whether the trial court abused its discretion in determining that no showing of good cause was made during the 120-day service period. We do find error in the trial court's failure to consider that it was permitted to grant an extension of time for service, even without a showing of good cause. Winn-Dixie, 889 So.2d 960 (reversing the trial court's order on the basis that it was unclear whether the trial court was aware that, if the circumstances of the case warranted such extension, it could extend the time for service even without a showing of good cause.) We note that neither side afforded the trial court with the applicable case law. Accordingly, we reverse and remand.
Reversed and remanded.