FULMER, Judge.
Gustavo Miranda, pro se, appeals the circuit court’s order dismissing his complaint with prejudice. In its order, the court found that Miranda failed to establish good cause or excusable neglect for not serving process upon Appellees within 120 days of filing the complaint as required by Florida Rule of Civil Procedure 1.070(j). Because we conclude that the circuit court erred in dismissing the complaint, we reverse and remand for further proceedings.
Prior to 1999, rule 1.070(j) provided that when a party failed to perfect service of an initial pleading within 120 days after filing “and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party.” Amendment to Fla. Rule of Civil Procedure 1.070(j)-Time Limit for Serv., 720 So.2d 505, 505 (Fla.1998). However, the Florida Supreme Court amended the rule in 1999 to comport with the amendment of its federal counterpart, Federal Rule of Civil Procedure 4(m). Amendment to Fla. Rule of Civil Procedure 1.070(J)-Time Limit for Serv., 746 So.2d 1084 (Fla.1999); see also Totura & Co., Inc. v. Williams, 754 So.2d 671, 676-77 (Fla.2000) (noting same). The intent of the amendment was to provide courts with broad discretion to extend the time for service even when good cause for untimely service had not been shown. Totura, 754 So.2d at 677; see also Amendment, 720 So.2d at 505 (proposing amendment to conform to the federal rule and to provide courts with discretion to extend the time for service “even when good cause has not been shown”). The amendment allowed courts to avoid the “harsh results” often exacted under the prior version of the rule “such as where noncompliance triggered dismissal without prejudice, but expiration of the statute of limitations would preclude refiling of the action.” Totura, 754 So.2d at 677.
*1102 The current version of rule 1.070® provides in pertinent part as follows:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.
With respect to the application of rule 1.070®, this court observed in Chaffin v. Jacobson, 793 So.2d 102, 103-04 (Fla. 2d DCA 2001), as follows:
As now written, the rule presents a trial court with three options when a plaintiff has not properly served a defendant within 120 days after filing the initial pleading. Those options are: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion.
We further noted that when the statute of limitations has run and service has been perfected as of the date of the hearing on the motion to dismiss, a trial court abuses its discretion by not extending the time for service and dismissing the complaint. Id. at 104; see also Brown v. Ameri Star, Inc., 884 So.2d 1065, 1067 (Fla. 2d DCA 2004) (noting that “it ordinarily is an abuse of discretion not to allow additional time for service of the summonses even in the absence of a showing of good cause or excusable neglect” if the order of dismissal is entered after the statute of limitations has run); Kohler v. Vega-Maltes, 838 So.2d 1249, 1250 (Fla. 2d DCA 2003) (“[Wjhere the statute of limitations has run and there has been no showing of good cause or excusable neglect, discretion should be exercised in favor of giving the plaintiff an extension of time to accomplish service.”).
We conclude in the case before us that the circuit court erred in dismissing Miranda’s complaint with prejudice. First, dismissal with prejudice was not one of the options available to the court under rule 1.070®. The court could have directed that service be perfected within a certain amount of time, it could have dismissed the action without prejudice, or it could have dismissed the defendants who had not been served. Chaffin, 793 So.2d at 103-04.
Further, the circuit court’s findings in its order reflect that the four-year statute of limitations had run on Miranda’s timely-filed claims when the court entered its order dismissing the complaint.[1] In addition, Miranda had obtained service on each of the defendants by the time of the hearing on the motion to dismiss. Under those circumstances, it was an abuse of *1103 discretion to dismiss the complaint, and the circuit court should have extended the time for service. Brown, 884 So.2d at 1067; Kohler, 838 So.2d at 1250; Chaffin, 793 So.2d at 104.
Although we understand the circuit court’s need to manage its docket, rule 1.070(j) was not intended to operate as a sanction or to result in the dismissal of a claim with prejudice on technical grounds. “[T]he purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a ‘free’ dismissal with prejudice.” Chaffin, 793 So.2d at 104 (quoting Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part)). The dismissal of the complaint under rule 1.070(j) after the expiration of the statute of limitations is inconsistent with Florida’s long-standing policy in favor or resolving disputes on their merits. Brown, 884 So.2d at 1067. In addition, Miranda is proceeding pro se and is incarcerated. The additional time he took to perfect service on the Appellees is, thus, not extraordinary.
Accordingly, we reverse the order of dismissal with prejudice and remand for further proceedings consistent with this opinion. Our decision does not impact the other grounds for dismissal raised by Ap-pellees in their motion to dismiss, which were not addressed by the circuit court in its order.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.

. Although the complaint is not the model of clarity, the allegations sound in negligence, battery, malicious prosecution, and excessive and unjustified use of force, with each of those claims falling under the four-year statute of limitations. See §§ 95.1 l(3)(a), (o), (p), 768.28(13), Fla. Slat. (2002). Miranda cited 42 U.S.C. § 1983 in his brief as the basis for his complaint for a civil rights violation, but he did not cite that statute in his complaint. State limitations periods for personal injury torts apply to a section 1983 action for *1103 personal injuries, and thus the four-year statute of limitations would still apply under a section 1983 claim. Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).