PER CURIAM.
 

 Glenda Sly, as personal representative of the estate of James Sly, Jr., appeals from an order granting the motion of Corrections Corporation of America and Harris to dismiss for failure to comply with Florida Rule of Civil Procedure 1.070(j), which requires service of process to be effected within 120 days from the filing of the complaint. Because we conclude that
 
 *87
 
 it was an abuse of discretion for the trial court to dismiss the complaint with prejudice for failure to timely serve process when the statute of limitations had expired, we reverse the order dismissing Appellant’s complaint with prejudice and remand the case for further proceedings.
 

 Appellant filed the initial complaint on April 5, 2007, just prior to the expiration of the applicable statute of limitations. On July 25, 2007, before the expiration of the 120 days within which to serve process, Appellant filed a motion for extension of time to serve process. Appellant filed two additional motions for extensions of time to serve process on November 20, 2007, and January 22, 2008. Appellant never set a hearing for any of these motions; no order for an extension of time was entered by the trial court for any of the three motions, nor was a summons issued. Appellant filed an amended complaint on March 24, 2008, and Appellees were finally served on March 28, 2008, nearly a year after the filing of the initial complaint.
 

 After Appellees filed a motion to dismiss for failure to comply with the 120-day requirement, the trial court dismissed the case with prejudice, declining to exercise discretion to permit Appellant additional time to perfect service, and finding that Appellant failed to demonstrate good cause or excusable neglect for the delay. The dismissal with prejudice precluded Appellant from refiling due to the expiration of the statute of limitations.
 

 Under Rule of Civil Procedure 1.070(j), if the initial process and initial pleading is not served upon the defendant within 120 days after the filing of the initial pleading, and a showing of good cause or excusable neglect is not made,
 
 [1]
 
 the trial court has the discretion to (1) direct that service be effected within a specified time; (2) drop that defendant as a party; or (3) dismiss the action without prejudice.
 
 See Thomas v. Silvers,
 
 748 So.2d 263, 264-65 (Fla.1999).
 

 Rule 1.070(j) was amended in 1999 in order to broaden the trial court’s discretion to allow an extension of time for service of process
 
 “even when good cause has not been shown.” Carter v. Winn-Dixie Store, Inc.,
 
 889 So.2d 960, 961 (Fla. 1st DCA 2004) (quoting
 
 Britt v. City of Jacksonville,
 
 874 So.2d 1196, 1197 (Fla. 1st DCA 2004)) (emphasis added). Prior to the amendments, application of Rule 1.070(j) often resulted in harsh consequences: “such as where noncompliance triggered dismissal without prejudice, but expiration of the statute of limitations would preclude refiling of the action. Thus, in such a situation, dismissal for procedural noncompliance could have the practical effect of dismissal with prejudice.”
 
 Totura & Co. v. Williams,
 
 754 So.2d 671, 677 (Fla.2000) (citing
 
 Amendment to Florida Rule of Civil Procedure 1.070(j)-Time Limit for Service,
 
 720 So.2d 505, 505 (Fla.1998)) (internal citation omitted).
 

 In the order granting Appellees’ motion to dismiss, the trial court found that Appellant had failed to demonstrate good cause or excusable neglect for the delay and service. The trial court then explicitly noted that the statute of limitations had run and acknowledged that the ruling would terminate all further proceedings. In situations where the statute of limitations has run, the trial court should normally exercise discretion in favor of giving the plaintiff additional time to perfect service.
 
 Chaffin v. Jacobson,
 
 793 So.2d 102, 104 (Fla. 2d DCA 2001) (“[T]he purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a ‘free’ dismissal
 
 *88
 
 with prejudice.”) (quoting
 
 Skrbic v. QCRC Assocs. Corp.,
 
 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part)). Where the statute of limitations has run, “[discretion in these circumstances must be exercised with the understanding that Florida has a longstanding policy in favor of resolving civil disputes on the merits.”
 
 Id. Brown v. Ameri Star, Inc.,
 
 884 So.2d 1065, 1067 (Fla. 2d DCA 2004) (recognizing that the intent that of Rule 1.070(j) is to “serve as ‘a case management tool’ and not as ‘a severe sanction.’ ”) (citing
 
 Chaffin v. Jacobson,
 
 793 So.2d 102, 103-04 (Fla. 2d DCA 2001)).
 

 Because the statute of limitations had run and service had been obtained prior to the hearing on the motion to dismiss, we conclude that the trial court abused its discretion in granting the motion to dismiss.
 
 See Chaffin,
 
 793 So.2d at 104;
 
 see also, Kohler v. Vega-Maltes,
 
 838 So.2d 1249, 1250-51 (Fla. 2d DCA 2003).
 

 Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
 

 BARFIELD, CLARK and ROWE, JJ., concur.
 

 [1]
 

 . If the plaintiff can demonstrate good cause or excusable neglect, then the trial court
 
 must
 
 grant an extension for time of service.
 
 See
 
 Fla. R. Civ. P. 1.070(j).