SUAREZ, J.
Vennila Amaran (“Ms. Amaran”), as Guardian of Preetha Amaran, appeals a final order of dismissal entered upon the granting of a motion to quash service of process for failure to serve the defendant, Aubyn Marath, M.D. (“Dr. Marath”), within 120 days of the filing of the amended complaint. We reverse. Based on the facts surrounding Ms. Amaran’s attempts to serve Dr. Marath, the trial court abused its discretion in dismissing the action pursuant to Florida Rule of Civil Procedure l.CfiCKj),[1] where the statute of limitations had run at the time of the dismissal, serving as a final adjudication on the merits.
Ms. Amaran, mother of Preetha Amar-an, brought suit against Royal Caribbean Cruises, Ltd. (“RCCL”), and physicians serving aboard the vessel, Enchantment of the Seas, for brain injuries suffered by her daughter as a result of a cardiac arrest, which occurred when her daughter was exercising on a treadmill at the ship’s spa and fitness center. Her daughter later became totally disabled as a result of the injuries sustained. The appellee, Dr. Mar-ath, was added as a defendant after the first amended complaint was filed in March of 2005. Attorneys for Ms. Amaran attempted to locate Dr. Marath for service of process by sending discovery requests directed to RCCL.[2] Her attorneys propounded interrogatories to RCCL in December of 2004 and October of 2005. On both occasions, in answer to interrogatories, RCCL stated that the address for Dr. Marath was in care of a South African employment agency.[3] On March 29, 2006, *90 RCCL wrote to Ms. Amaran’s counsel stating that the doctors and nurses had returned to their respective homes and therefore RCCL exercised no control to get any of them to travel to the United States to provide testimony. It was later learned by Ms. Amaran’s attorneys that during the time RCCL answered the interrogatories, Dr. Marath maintained a residence in Florida, owned real property in Tampa, Florida, owned motor vehicles registered in Florida, and, as of March 2007, had a Florida driver’s license. Dr. Marath had a faculty appointment at the University of South Florida Medical School in Tampa and was president and trustee of Cardiostart USA. The registered agent’s address for the company was in Brandon, Florida. The tax documents issued by RCCL in the doctor’s name also indicated a Tampa address. After numerous motions to compel, reflected in the record docket, RCCL eventually provided an accurate address for Dr. Marath on November 15, 2006, in a letter by counsel stating that, after additional investigation, his address was in Tampa, Florida. In that same month, RCCL provided the personnel file of Dr. Marath which contained and had contained the information concerning the doctor’s Florida addresses.
Ms. Amaran attempted to take Dr. Mar-ath’s deposition on several occasions from January of 2007 through March of 2007. Due to Dr. Marath’s schedule on Royal Caribbean Cruises, he was not produced for deposition until March 24, 2007, in Tampa, Florida, subject to an agreement that the doctor would not be served at that time. It was further agreed that service would be, and, in fact, was effected on July 6, 2007, in Portland, Oregon, where the doctor was then residing. On July 30, 2007, Dr. Marath moved to dismiss the amended complaint on grounds of insufficiency and untimeliness of service of process under Florida Rule of Civil Procedure 1.140(b)(2)(4) and (5), alleging lack of personal service, and to quash service of process pursuant to Florida Rule of Civil Procedure 1.070(j), as beyond the 120-day time limit for service. The trial court failed to find good cause attributable to the delay in serving Dr. Marath and dismissed the action although the statute of limitations had already run. Ms. Amaran appeals the final order dismissing the action. We reverse.
Florida Rule of Civil Procedure 1.070(j) provides three remedies for failure to serve a defendant within the specified 120-day period: 1. direct that service is effected within a specified time; 2. dismiss the action without prejudice; or 3. drop the untimely served defendant as a party. If the plaintiff shows good cause or excusable neglect leading to the delay in service, the court “shall” extend the time for service. See Skrbic v. QCRC Assocs., 761 So.2d 349 (Fla. 3d DCA 2000) (holding that action could not be dismissed absent finding as to whether there was excusable neglect to excuse the failure to serve process within the 120-day period).
In this case, in a series of interrogatories addressed to RCCL during 2005 and 2006, RCCL answered the specific interrogatories directed to the whereabouts or present address of Dr. Marath by stating that Dr. Marath could be contacted in care of a South African employment agency. Although Dr. Marath’s RCCL personnel file, which was not provided to Ms. Amaran until March of 2006, contained several Florida contacts and addresses where he could have been located and served with process, RCCL failed to produce the personnel file or even attempt to provide any information which could *91 have led to an address or location for serving the doctor other than one in South Africa. The trial court failed to consider that the incorrect or misleading information which was knowingly provided by RCCL led to the delay in service of Dr. Marath. This failure to provide useful and correct information as to Dr. Marath’s whereabouts, coupled with Dr. Marath’s postponement of the scheduling of his deposition on numerous occasions until such time as plaintiffs counsel agreed to take the doctor’s deposition without serving him with process at the deposition, amounted to good cause for failure to serve within the 120-day period within the meaning of Rule 1.070(j). Payne v. Poynter, 707 So.2d 768 (Fla. 2d DCA 1998) (holding that agreement with Poynter’s predecessor counsel not to serve complaint on Poynter constituted good cause in delay of service and trial court abused its discretion by holding otherwise). Even if good cause had not been demonstrated, the trial judge should have exercised her discretion in favor of adjudicating the claim on the merits as opposed to dismissing it.[4] See Premier Cap. LLC v. Davalle, 994 So.2d 360 (Fla. 3d DCA 2008) (reversing trial court’s dismissal where discretion not exercised to extend time for service pursuant to Rule 1.070(j) even if there has been no showing of good cause or excusable neglect where process server was led astray by information provided by defendant’s daughter in an attempt to serve defendant); Carter v. Winn-Dixie Store, Inc., 889 So.2d 960 (Fla. 1st DCA 2004) (finding that even where good cause has not been shown a trial court may grant relief from dismissal where statute of limitations has run); Almeida v. FMC Corp., 740 So.2d 557 (Fla. 3d DCA 1999) (noting the “absence of any prejudice to the defendants from ‘late service,’ as well as the potential result not intended by the rule that the [plaintiffs] would be precluded from ever having their case heard on the merits should the trial court’s dismissal stand”).
Florida law is clear that, under these facts, where the record demonstrates the defendant’s failure to produce known discovery information, where service of process has already been effected prior to the motion to dismiss and, where the statute of limitations has run, discretion under Rule 1.070(j) to deny dismissal or to extend the time for service must be exercised in accordance with Florida’s policy in favor of resolving civil disputes on the merits. Fla. R. Civ P. 1.070 (explicitly stating that a dismissal under this rule “shall not operate as an adjudication on the merits”) (emphasis supplied); Sly v. McKeithen, 27 So.3d 86, 88 (Fla. 1st DCA 2009) (holding that where good cause has not been demonstrated under Rule 1.070(j), “[b]ecause the statute of limitations had run and service had been obtained prior to the hearing on the motion to dismiss ... the trial court abused its discretion in granting the motion to dismiss”) (emphasis supplied); Nationsbank, N.A. v. Ziner, 726 So.2d 364, 367 (Fla. 4th DCA 1999) (holding that it is erroneous to drop a party and dismiss a *92 case where the statute of limitations has run because it effectively adjudicates the complaint on the merits in contravention of Rule 1.070(j)); see Roberts v. Stidham, 19 So.3d 1155 (Fla. 5th DCA 2009); Premier Cap., 994 So.2d at 360; Carter v. Winn-Dixie Store, Inc., 889 So.2d at 960; Chaffin v. Jacobson, 793 So.2d 102 (Fla. 2d DCA 2001) (finding an abuse of discretion in not extending period of time for service where statute of limitations has run).
By dismissing the cause of action, the trial court abused its discretion. We therefore reverse the order and remand for further consideration.
Reversed and remanded.
WELLS, J., concurs.

. Florida Rule of Civil Procedure 1.070(j) states:
(j) Summons: Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.

. Plaintiff's October, 2005 interrogatories included the following:
1. Please identify by name, address, telephone number, date of birth, social security or other national identification number, passport number, permanent home address, current last known address, present employer, and/or last known employer, spouse, or other next of kin the following persons:
[[Image here]]
f. All physicians, surgeons, physicians' assistants, registered nurses, LPN’s, medical technicians, or other persons with medical training and medical services responsibilities who were part of the crew on the date of the incident described in the complaint.

.RCCL's answer to interrogatories propounded by Ms. Amaran was as follows:
Dr. Aubyn Marath
Ship's Doctor
c/o Medsource CC
P.O. Box 11547, Bloubergrant
*90 7443, South Africa

. The dissent points the finger at plaintiffs attorneys and states that “plaintiff's counsel was ‘making a choice' " by waiting to serve Dr. Marath as a type of trial strategy. We need not comment on plaintiff’s counsels’ decisions below in how to serve the doctor as our Supreme Court has cautioned that it does not wish to promote a policy that unduly punishes the litigant with dismissal based solely on the attorney's actions. See Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993) (“The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation. Fla. R. Civ. Pro. 1.010. This purpose usually can be accomplished by imposition of a sanction that is less harsh than dismissal and that is directed toward the person responsible for the [delay].") (emphasis supplied).