WELLS, Judge.
Jorge Luis Fernandez, the plaintiff below, appeals from an order granting the defendant, David Cohn’s, motion to quash service of process and dismiss with prejudice. We reverse, finding that the trial court abused its discretion by failing to extend the time for service of process.
On March 10, 2005, Fernandez was involved in an automobile accident with a vehicle allegedly driven by Cohn. On February 25, 2009, two weeks before the statute of limitations was to run, Fernandez filed suit against Cohn and attempted to effectuate service of process on him.
After an initial unsuccessful attempt at serving Cohn at the address listed on the accident report (Cohn purportedly no longer lived there), Fernandez’ attorney hired a licensed private investigator to ascertain Cohn’s whereabouts. The investigator was not, however, able to locate Cohn although having (1) searched “all available public records Databases including the following: Drivers License, Liens & Judgments, Professional Licenses, Motor Vehicles, Voter Registration, Phone, Deed Transfers, Tax Assessor, Corporation & Federal Criminal, Civil & Bankruptcy indi-ces,” and (2) attempted to contact Cohn’s “last known possible associates and relatives,” and the post office. Consequently, Fernandez sought leave to amend his complaint so that he could effectuate service on the Secretary of State pursuant to section 48.171 of the Florida Statutes.[1] The motion was granted and Fernandez served the Secretary of State.
Within two weeks of service on Secretary of State, Cohn made a limited appearance moving to quash service of process and to dismiss the complaint for failure to serve the complaint within 120 days of filing. Claiming that he had not concealed his whereabouts and easily could have been located via his drivers’ license, which listed his current address, Cohn demanded *1042 dismissal because Fernandez had failed to demonstrate good cause or excusable neglect that would justify extending the 120-day time limit on service imposed by Florida Rule of Civil Procedure 1.070(j). The trial court agreed, and because the statute of limitation had by then run, granted the motion with prejudice.[2] We reverse.
Rule 1.070(j), as last amended in 1999, provides:
Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop the defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.... A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
As our sister court, relying in significant part on an earlier decision from this Court, has confirmed, this rule provides a trial court with three options when service has not been perfected within 120 days of the filing of the complaint. The options are: “(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop [the unserved] defendant as a party.” Chaffin v. Jacobson, 793 So.2d 102, 103-104 (Fla. 2d DCA 2001). Where good cause or excusable neglect for failure to make timely service has been demonstrated, a trial court must extend the time for service “and has no discretion to do otherwise.” Id. at 104. Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process:
If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. Yet, in a case such as this, where the statute of limitations has run, we agree with Judge Cope that:
Discretion in these circumstances must be exercised with the understanding that Florida has a longstanding policy in favor of resolving civil disputes on the merits. Furthermore, the purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a “free” dismissal with prejudice. Thus, where there has been no showing of good cause or excusable neglect, but the statute of limitations has run, discretion should normally be exercised in favor of giving the plaintiff an extension of time to accomplish service.
*1043 Id. (quoting Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part)); see also Sly v. McKeithen, 27 So.3d 86, 87 (Fla. 1st DCA 2009) (citing Skrbic as holding that “[i]n situations where the statute of limitations has run, the trial court should normally exercise discretion in favor of giving the plaintiff additional time to perfect service”); Miranda, 19 So.3d at 1103 (“Although we understand the circuit court’s need to manage its docket, rule 1.070(j) was not intended to operate as a sanction or to result in the dismissal of a claim with prejudice on technical grounds.”).
In this case, the record demonstrates diligence and good cause for failure to serve Cohn within 120 days of filing the complaint. The time for serving Cohn should, therefore, have been extended. Even if Fernandez had not acted diligently and had failed to demonstrate either good cause or excusable neglect, he still should have been afforded an opportunity to serve Cohn because the statute of limitations on Fernandez’ negligence claim has now run. This is so, as has already been explained, because Rule 1.070(j) is a rule of administrative convenience which should not trump the preference for trials on the merits:
In situations where the statute of limitations has run, the trial court should normally exercise discretion in favor of giving the plaintiff additional time to perfect service. Chaffin v. Jacobson, 793 So.2d 102, 104 (Fla. 2d DCA 2001) (“[T]he purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a ‘free’ dismissal with prejudice.”) (quoting Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part)). Where the statute of limitations has run, “[discretion in these circumstances must be exercised with the understanding that Florida has a longstanding policy in favor of resolving civil disputes on the merits.” Id. Brown v. Ameri Star, Inc., 884 So.2d 1065, 1067 (Fla. 2d DCA 2004) (recognizing that the intent that of Rule 1.070(j) is to “serve as ‘a case management tool’ and not as ‘a severe sanction.’ ”) (citing Chaffin v. Jacobson, 793 So.2d 102, 103-04 (Fla. 2d DCA 2001)).
Sly, 27 So.3d at 87-88.
The order dismissing the instant action with prejudice is, therefore, reversed with this matter remanded for reinstatement of Fernandez’ complaint and for entry of an order extending the time in which to effectuate service of process on Cohn.
Reversed and remanded.

. The statute provides, in relevant part, that:
[A]ny resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who ... conceals his or her whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his or her servants, agents, or employees, or by persons with his or her knowledge, acquiescence, and consent within the state constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee, or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.
§ 48.171, Fla. Stat. (2010).

. Although the order provides no explanation as to why dismissal was with prejudice, see Miranda v. Young, 19 So.3d 1100, 1102 (Fla. 2d DCA 2009) (noting that "dismissal with prejudice was not one of the options available to the court under rule 1.070(j)’’), the reason is undoubtedly because the statute of limitations on the underlying negligence claim had expired.