IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DYCK-O'NEAL, INC.,

        Appellant,

 v.                                   Case No.  5D15-3792

MARTIN S. DOHERTY,

        Appellee.

_____/

Opinion filed June 3, 2016

Appeal from the Circuit Court
for St. Johns County,
Howard M. Maltz, Judge.

Susan B. Morrison, of Law Offices of Susan
B. Morrison, P.A., Tampa, for Appellant.

No Appearance for Appellee.


PER CURIAM.

Appellant, Dyck-O'Neal, Inc., appeals the final order of dismissal rendered pursuant to Florida Rule of Civil Procedure 1.070(j) for failure to serve process. Because our record establishes that service of process was perfected upon Appellee within the timeframe ordered by the court, we reverse.

Shortly before the applicable statute of limitations expired, Appellant filed suit against Appellee, seeking a deficiency judgment following the judicial sale of Appellee's

real property pursuant to a final judgment of foreclosure. Appellant initially had difficulty obtaining service of process upon Appellee, and, at a case management conference held on September 2, 2015, the court directed Appellant to perfect service of process upon Appellee no later than September 30, 2015, or the case would be dismissed. The court also scheduled a separate case management conference for September 30.

Appellee was served with process on September 24, 2015; however, Appellant's counsel did not receive the affidavit of service of process until after September 30. Counsel failed to attend the September 30, 2015, case management conference, and the court, on its own motion, rendered the final order of dismissal. Nine days later, Appellant's counsel filed a verified motion to vacate the dismissal, essentially representing that service of process had been perfected prior to September 30 and that counsel's failure to attend the case management conference was due to a calendaring error. The trial court denied the motion without a hearing.

While we do not condone counsel's failure to attend the scheduled case management conference, since the statute of limitations for this claim has now expired and service of process was, in fact, perfected prior to the deadline imposed by the trial court, we find that the court abused its discretion in dismissing this action. *See generally Chaffin v. Jacobson*, 793 So. 2d 102, 104 (Fla. 2d DCA 2001). Accordingly, the final order of dismissal is reversed, and this case is remanded for further proceedings.

REVERSED and REMANDED.

LAWSON, C.J., ORFINGER, and LAMBERT, JJ., concur.