# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1942
Lower Tribunal No. 20-17302
_____

**Carlos Gonzalez,**
Appellant,

vs.

**City of Coral Gables,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Philip D. Parrish, P.A., and Philip D. Parrish; Stuart A. Teller, P.A., and Kenneth E. Mazlin (Davie), for appellant.

Briscoe Zuluaga, PLLC, and Eric K. Gressman, for appellee.

Before LINDSEY, LOBREE, and BOKOR, JJ.

PER CURIAM.

On August 13, 2020, Carlos Gonzalez filed a complaint against the City of Coral Gables three days before the expiration of the four-year statute of limitations for the claim. Over a year after the complaint was filed, Gonzalez served the City. After it was served, the City filed a Motion to Dismiss pursuant to Florida Rule of Civil Procedure 1.070(j). The trial court heard the Motion to Dismiss in April of 2022, and entered an Order granting the dismissal. Gonzalez filed a Motion for Rehearing and Reconsideration. The trial court heard this motion in August 2022 and denied the motion two months later.

We reverse because the trial court erred in finding there was no good cause for the late service. An uncontroverted nine-page affidavit setting forth detailed circumstances of good cause was filed of record six days prior to the hearing on the Motion to Dismiss. See Fernandez v. Cohn, 54 So. 3d 1040, 1041-42 (Fla. 3d DCA 2011) (holding that good cause was shown, and the rule at issue does not contemplate a dismissal that effectively would be with prejudice in this context—where good cause was shown and service was accomplished prior to the court or the party acting pursuant to 1.070(j)).

Reversed and remanded.