721 So.2d 836 (1998)
Leslie ROOT, as parent and natural guardian of Megan Root, Appellant,
v.
Gina LITTLE and Earl Raymond Jacobs, Appellee.
No. 98-771.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
Phares M. Heindl, of Phares M. Heindl, P.A., Altamonte Springs, for Appellant.
Philip L. Partridge, of David A. Sierra & Associates, Orlando, for Appellee Gina Little.
*837 No Appearance for Appellee Earl Raymond Jacobs.
GRIFFIN, C.J.
Appellant, Leslie Root ["Root"], is the parent and natural guardian of Megan Root, a minor pedestrian who was struck by a vehicle owned by appellee, Gina Little ["Little"], and operated by appellee, Earl Raymond Jacobs ["Jacobs"]. Suit was filed against Little on behalf of Megan on April 3, 1997. Process was delivered to the process server on May 8. The summons was returned unserved by the process server on August 14, 1997. The reason for the non-service was that Little had married and had moved to northern Georgia and her current address was unknown.
According to the process server, during the first 120 days after filing, he had repeatedly attempted to serve the summons on Little at her last known address. Each time he went to that address, no one answered the door. Finally, an unidentified person did answer and informed him that Little had married and moved to Georgia around December 1996. When the process server notified plaintiff's counsel of this fact, numerous attempts were made to locate Little, primarily through internet and telephone resources. Little was finally located about August 13, 1997, and on August 18, 1997 Root filed a motion to extend time for service. Affidavits of Root's counsel and his secretary were filed in support of the motion, averring that since learning that Little had married and had moved to Georgia, they had endeavored to locate her through the sources mentioned above. Little was served by substitute service through the Secretary of State.
After Little was served, a motion to dismiss was filed on her behalf setting forth that the original summons had not been served within 120 days of filing the cause of action as is required by Florida Rule of Civil Procedure 1.070(j). Further, the initial complaint was defective in that it had not been amended to set forth that Little was residing in Georgia.
At the hearing on the motion to dismiss, the court heard argument of counsel. Jacobs made three arguments in support of dismissal: (1) the complaint was defective; (2) the plaintiff could not obtain relief for its violation of the 120-day rule because a motion for extension of time had not been filed before the expiration of the 120 days; and (3) Root could not establish "good cause" for the delay in service. The only witness to testify was the process server. The court granted Little's motion to dismiss, apparently on the basis that the appellant had failed to file a motion to extend time before the initial 120 days expired:
I considered the authorities submitted by both attorneys and I am going to have to deny the motion to extend and grant the motion to dismiss. If you'd gotten here before the 35 days run [sic], you would have probably been alright, but I think you just waited too long.
These comments indicate that the court found the failure to seek relief prior to the expiration of the 120 days to be fatal to Root, but this is not correct. The high court in Morales v. Sperry Rand Corp., 601 So.2d 538, 539 (Fla.1992) made clear that, even without a motion to extend, dismissal is required only if reasonable cause for the delay in service is not documented. Here, "reasonable cause" for the very brief delay in service was documented. Prompt and diligent efforts were made to serve Little in the location where she was believed to reside. When it was learned that she no longer lived in the State of Florida and likely had changed her name, efforts were undertaken to locate her. This is a time consuming and often not inexpensive task. It appears appellant's efforts were substantial because, even though the 120-day deadline was not met, Little was located in Georgia and service was attempted very close to the deadline imposed by the rule. This rule is designed to be a case management tool, not an additional statute of limitations cutting off liability of a tortfeasor. It is not to be imposed inflexibly where the plaintiff does demonstrate diligence and good cause. Id. Although it appears that the lower court ruled as it did because it accepted appellee's argument on the extension of time, if the court did conclude that reasonable cause for the delay in service had not been shown, then the lower court erred. In either *838 event, reversal is required and this case reinstated below.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.