GRIFFIN, C.J.
Appellants seek review of an order of the lower court dismissing their personal injury action for failure to serve the defendants within 120 days of filing the complaint pursuant to Florida Rule of Civil Procedure 1.070(j). During the pendency of this appeal, in September 1998, the Supreme Court of Florida proposed, on its own motion, to amend Florida Rule of Civil Procedure 1.070(j) consistent with the amendments to Federal Rule of Civil Procedure 4(m) to give the trial court broad discretion to extend the time for service even when good cause for failing to meet the 120-day deadline had not been shown. Shortly before oral argument of this case, the Supreme Court of Florida formally adopted the amendment. Amendment to Florida Rule of Civil Procedure 1.0700)— Time Limit for Service, 24 Fla. L. Weekly S109, — So.2d -, 1999 WL 106934 (Fla. Mar.4, 1999). The version actually adopted is modified from the one originally proposed in that it specifies that if a plaintiff shows either good cause or excusable neglect for failure to serve, the court is obliged to extend the time for service. Consistent with the original proposed rule, the rule as adopted specifies that the court also has broad discretion to extend the time for service even when good cause has not been shown. Amendment to Florida Rule of Civil Procedure 1.0700) — Time Limit for Service, 720 So.2d 505 (Fla.1998).
In adopting the new rule, the court provided that the amendment “shall apply to all civil cases commenced after the date of this opinion and, in so far as just and practicable, to all civil cases pending as of the date of this opinion.” Id. The court cited as authority the case of Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298 (3d Cir.1995). In that ease, as in the case before us, the rule amendment had not been adopted at the time the federal trial court decided the issue of dismissal for lack of timely service. Because, under the amended rule, the trial court would not have been required to dismiss the claim and was not prohibited from extending the time for service, the court concluded the appropriate procedure would be to remand the issue to the trial court for reconsideration of the issue in light of the amended rule. We elect to follow the same procedure here. In doing so, we recognize that the lower court did, after the expiration of 120 days, upon motion of the plaintiff, enter an order extending the time for service. Although this fact alone seems to meet the requirements of the new rule amendment, we conclude that just as the plaintiff may receive the benefits of the amended rule “insofar as just and practicable,” the defendants likewise should be allowed to be heard on the question of whether the extension of time was appropriate under the circumstances. We recognize that this is an awkward procedure and that such a procedure would not be permitted a defendant in a case to which the rule was fully applicable. Under the circumstances of this case, however, we conclude that the defendant ought to have the right, after the fact, to attempt to convince the trial judge that he should not have given the time extension.
Counsel for appellees have asked for an opportunity to file a supplemental brief directed to the effect of the supreme court’s adoption of the amended rule during the pendency of this appeal. Given the excellence and the commendable candor of appellee’s presentation to the court, we are reluctant to deny this request. After reviewing the transcript of the hearing below, and after having an opportunity to review the high court’s opinion adopting the rule, however, we are convinced that this is the best course of action and that no purpose would be served by further brief *36 ing. Accordingly, we reverse the appealed order and remand to the trial court for consideration pursuant to the amended rule.
REVERSED and REMANDED.
HARRIS and PETERSON, J., concur.