874 So.2d 1196 (2004)
Valerie BRITT, Appellant,
v.
The CITY OF JACKSONVILLE, Appellee.
No. 1D03-2173.
District Court of Appeal of Florida, First District.
May 10, 2004.
*1197 Appellant, Pro se.
Richard Mullaney, Esquire, Jason Teal, Esquire, and Tracey Arpen, Esquire, of General Counsel's Office, City of Jacksonville, Jacksonville, for Appellee.
PER CURIAM.
Appellant Valerie Britt appeals the trial court's order dismissing her action against appellee City of Jacksonville without prejudice for failure to comply with Florida Rule of Civil Procedure 1.070(j). Appellant initially filed her complaint with the clerk's office within the required 30 day period for actions brought under section 163.3215(3), Florida Statutes (2002), but served appellee 124 days after she filed her complaint, just outside the 120-day period of Rule 1.070(j). Appellant states that she may not now refile her complaint because the 30-day period provided in section 163.3215(3) has long passed.
In dismissing appellant's complaint, the trial court stated, "Having found an absence of a showing of "persistent", "diligent," and "good faith" efforts to serve the city, Rule 1.070(j) ... requires that this lawsuit be dismissed without prejudice." (Citation omitted). Prior to an amendment in 1999, Rule 1.070(j) required the dismissal of a plaintiff's action if he or she failed to timely serve the defendant and could not show good cause why service was not timely made. See Amendment to Fla. R. Civ. P. 1.070(j)Time Limit for Serv., 720 So.2d 505, 505 (Fla.1998). The application of this rule sometimes acted as a severe sanction. Id. "For example, even if dismissal under the rule is without prejudice, a plaintiff would be unable to refile suit in cases where the statute of limitations has expired." Id. Therefore, Rule 1.070(j) was amended in 1999 to eliminate the sometimes harsh effects of the rule. See Amendment to Fla. R. Civ. P. 1.070(j)Time Limit for Serv., 746 So.2d 1084 (Fla.1999); Amendment to 1.070(j), 720 So.2d at 505.
The Rule, as amended and in pertinent part, states as follows:

*1198 (j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.... A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
This amendment, intended to be consistent with Federal Rule of Civil Procedure 4(m), "grant[ed] a court broad discretion to extend the time for service even when good cause has not been shown." Totura & Co., Inc. v. Williams, 754 So.2d 671, 677 (Fla. 2000) (emphasis added) (quoting Amendment to 1.070(j), 720 So.2d at 505-06). The trial court in the instant case failed to recognize that even absent appellant showing good cause, it still had the discretion to determine whether an extension for time of service was warranted.
A court may grant relief from dismissal even where good cause has not been shown if the applicable statute of limitations would bar the refiled action. See Chaffin v. Jacobson, 793 So.2d 102, 103-04 (Fla. 2d DCA 2001) (reversing an order dismissing the plaintiff's action for failure to comply with Rule 1.070 because the statute of limitations had run and service had been obtained by the time of the hearing); Nationsbank, N.A. v. Ziner, 726 So.2d 364, 367 (Fla. 4th DCA 1999) (reversing an order dropping a defendant as a party based on the failure of the plaintiff to timely serve the defendant because the statute of limitations had long expired); Boley v. Kaymark, 123 F.3d 756, 758-60 (3rd Cir.1997) (stating that when reconsidering whether the plaintiff was entitled to a permissive extension for service of the initial complaint, the trial court should consider the fact that the applicable statute of limitations would bar refiling); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir.1996) (same); Espinoza v. United States, 52 F.3d 838, 842 (10th Cir.1995) (stating that "relief may be justified... if the applicable statute of limitations would bar the refiled action," quoting the advisory committee's notes on Federal Rule 4(m)).
Because the trial court in the instant case failed to determine whether the running of the statute of limitations warranted an extension of time for service, we REVERSE and REMAND for reconsideration in light of this opinion.
BOOTH, POLSTON and HAWKES, JJ., concur.