884 So.2d 1065 (2004)
Kevin V. BROWN, Appellant,
v.
AMERI STAR, INC., Hartford Insurance Co., Pat Gagnon, and Matthew J. Costello, Appellees.
No. 2D03-5330.
District Court of Appeal of Florida, Second District.
October 15, 2004.
Kevin V. Brown, pro se.
Pierce Kelley of Law Office of Michelle L. Bergier, Tampa, for Appellees.
CANADY, Judge.
Kevin V. Brown appeals an order dismissing with prejudice his pro se personal injury action. Because we conclude that there was no proper basis for dismissal of the action, we reverse.

Background
Brown, who was incarcerated during much of the relevant motion practice before the trial court, was involved in an automobile accident on December 30, 1994, and brought a negligence action in the county court based on that accident. By written order dated October 15, 1997, based on Brown's oral motion, the county court voluntarily dismissed the complaint without prejudice.
On December 11, 1998, prior to expiration of the four-year statute of limitations under section 95.11(3)(a), Florida Statutes (1998), Brown filed another complaint. This complaint was captioned as a circuit court case and alleged damages in excess of $15,000. But Brown used the case number from the county court action which had been voluntarily dismissed. The complaint was not accompanied by any summons for service, and no request was made of the *1066 clerk for issuance of any summonses for service. By notice dated February 5, 1999, the clerk advised Brown that his papers were being returned because "in order to file a claim of over $15,000, a new motion to transfer venue from county to circuit court will be needed, along with a blank order for the judge to sign."
Brown made such a motion, the county court denied it, and on appeal to the circuit court, the county court's order was affirmed by order of the circuit court, dated July 28, 1999. The circuit court, citing Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla.1978), and Sprague v. P.I.A. of Sarasota, Inc., 611 So.2d 1336 (Fla. 2d DCA 1993), stated that by voluntarily dismissing his case, Brown deprived the county court of any jurisdiction over it, and there was no pending case in which the county or circuit courts could enter an order. The circuit court further stated that Brown could refile his action in the circuit court, but it would be stayed unless and until Brown complied with the requirement of Florida Rule of Civil Procedure 1.420(d) to pay defendants' costs, as assessed on the voluntarily dismissed county court case. By order dated December 4, 2000, this court denied a petition for writ of certiorari, and rehearing was denied by order of this court dated January 11, 2001.

Order on Appeal
In the order on appeal, disposing of several motions by the parties, the circuit court determined, inter alia, that the complaint in the circuit court was considered filed on July 31, 2002, and ruled that it was dismissed with prejudice on all grounds raised on the motion to dismiss, including, but not limited to, the statute of limitations argument. The basis for determining July 31, 2002, to be the filing date of the complaint was not identified, and the other grounds for granting the motion were not described. By order dated May 3, 2004, this court permitted the appeal to proceed on the abbreviated record contained in the parties' appendices, which does not indicate the other grounds raised on the motion to dismiss.

Analysis
The appellees, the defendants named in the circuit court complaint, assert without citation to any authority that the prior rulings of the county court, circuit court, and this court are entitled to res judicata effect with respect to Brown's complaint before the circuit court. But none of the prior rulings of the county court, the circuit court, or this court constitute a ruling on the merits. These rulings do not have res judicata effect. See Alson Mfg. Co., v. Silvers, 95 So.2d 16, 17 (Fla.1957); Malunney v. Pearlstein, 539 So.2d 493, 495 (Fla. 2d DCA 1989). The voluntary dismissal before the county court is not a determination on the merits entitled to res judicata effect. See Froman v. Kirland, 753 So.2d 114, 116 (Fla. 4th DCA 1999); Chassan Prof'l Wallcovering, Inc., v. Victor Frankel, Inc., 608 So.2d 91, 93 (Fla. 4th DCA 1992). The county court's dismissal order specifically states that the voluntary dismissal is without prejudice.
While in prior rulings the circuit court and this court correctly held that the voluntarily dismissed county court case no longer existed and the county court was without jurisdiction to transfer it to the circuit court, see Randle-Eastern Ambulance Serv., 360 So.2d at 69, those rulings simply explained the effect of the prior voluntary dismissal and do not constitute a determination of the merits. Nor do these rulings dispose of Brown's argument that the complaint was refiled on December 11, 1998, in the circuit court, in time to comply with the applicable four-year statute of *1067 limitations, which expired on December 30, 1998.
The county court motion practice and consequent appeals all occurred because the circuit court clerk thought that Brown was attempting to transfer a viable county court action, since Brown included the county court docket number on the complaint he filed in the circuit court on December 11, 1998. While Brown's mistake induced the rejection of the complaint by the circuit court clerk, the erroneous use of the county court docket number should not be regarded as a fatal pleading defect, particularly when dealing with a pro se complaint. See Eichelberger v. Brueckheimer, 613 So.2d 1372, 1373 (Fla. 2d DCA 1993) (stating that "pro se pleadings are entitled to liberal construction, and a petition will not be dismissed simply because it is mislabled").
The failure to obtain summonses and to serve them after the filing of the complaint does not warrant dismissal of the action with prejudice, since filing of the complaint with the court within the statute of limitations period commences the action for purposes of compliance with the statute of limitations. Pratt v. Durkop, 356 So.2d 1278, 1280 (Fla. 2d DCA 1978); Szabo v. Essex Chem. Corp., 461 So.2d 128, 129 (Fla. 3d DCA 1984). The summonses obviously were not served within 120 days of the filing of the complaint, as required by rule 1.070(j). The rejection of the complaint by the circuit court clerk could constitute a basis for a claim of excusable neglect for the failure to effect such service. See Skrbic v. QCRC Assocs., 761 So.2d 349, 351 (Fla. 3d DCA 2000), rev. denied, 789 So.2d 348 (Fla.2001). A dismissal under rule 1.070(j) is not an adjudication on the merits. See Thomas v. Silvers, 748 So.2d 263 (Fla.1999). But if such a dismissal order is entered after expiration of the statute of limitations, precluding timely refiling of the action, given Florida's "long-standing policy in favor of resolving civil disputes on the merits," and the intent that rule 1.070(j) serve as "a case management tool" and not as "a severe sanction," it ordinarily is an abuse of discretion not to allow additional time for service of the summonses even in the absence of a showing of good cause or excusable neglect. Chaffin v. Jacobson, 793 So.2d 102, 103-104 (Fla. 2d DCA 2001); see also Kohler v. Vega-Maltes, 838 So.2d 1249 (Fla. 2d DCA 2003); Britt v. City of Jacksonville, 874 So.2d 1196 (Fla. 1st DCA 2004).
The complaint should not have been dismissed on the basis of expiration of the statute of limitations, and there does not appear to be another viable ground for dismissal of the action on the merits. To the extent the complaint may have suffered from some pleading deficiencies, Brown, who had not previously amended his complaint other than to increase the amount of damages sought necessitating the transfer between courts, should not have suffered dismissal of the complaint without leave to amend. See Trotter v. Ford Motor Credit Corp., 868 So.2d 593, 595 (Fla. 2d DCA 2004); Reed v. Mims, 711 So.2d 169, 172 (Fla. 3d DCA 1998).

Conclusion
Accordingly, the order on appeal is reversed and the matter remanded to the circuit court for further proceedings in accordance with this decision.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.