889 So.2d 960 (2004)
Willie CARTER, Appellant,
v.
WINN-DIXIE STORE, INC., and Williams & Rowe Co., Appellee.
Nos. 1D03-3246, 1D03-4538.
District Court of Appeal of Florida, First District.
December 20, 2004.
Sean A. Pittman, Tallahassee, for Appellant.
Jennifer S. Worley, for Winn-Dixie Store, Inc., Jacksonville, and Michael H. Lax, for Williams & Rowe Co., Coral Gables.
HAWKES, J.
Appellant challenges the trial court's order dismissing his action against Appellees with prejudice for failure to comply with Florida Rule of Civil Procedure 1.070(j), which requires a plaintiff to serve process on the defendant within 120 days from filing the complaint. Because it is unclear whether the trial court was aware it was permitted to grant an extension of time for service, even without a showing of good cause, we reverse and remand.

FACTUAL & PROCEDURAL HISTORY
Appellant filed his pro se negligence complaint just prior to the expiration of the four year statute of limitations.[1] A few days prior to the end of the 120 day service period, Appellant retained counsel, who, with the assistance of a paralegal from another law firm, began attempts to perfect service upon Appellees, Winn-Dixie Stores, Inc. and Williams & Rowe Co. Two weeks later, the paralegal received a *961 notice that the summons needed correction due to an administrative error. After making the corrections, the paralegal then re-submitted the summons. A second delay occurred with Winn-Dixie's summons when it was sent to the wrong Sheriff's department. Ultimately, Winn-Dixie was served 34 days past the expiration of the 120 day period, while Williams & Rowe Co. was served 38 days late. After both parties filed motions to dismiss for failure to comply with the 120 day rule, the trial court dismissed the case against both defendants (on two separate occasions), finding that Appellant failed to show good cause for the delay. The dismissal precluded Appellant from re-filing due to the running of the statute of limitations.

CONSIDERATION OF THE STATUTE OF LIMITATIONS
As we recently noted, the effect of a 1999 amendment to Rule 1.070(j) was to grant courts "broad discretion to extend the time for service even when good cause has not been shown." Britt v. City of Jacksonville, 874 So.2d 1196, 1197 (Fla. 1st DCA 2004) (emphasis added) (citing Totura & Co., Inc. v. Williams, 754 So.2d 671, 677 (Fla.2000) (citation omitted)). Specifically, we have held that "[a] court may grant relief from dismissal even where good cause has not been shown if the applicable statute of limitations would bar the refiled action."[2]Id. at 1198.
Here, the trial court's order mentioned the parties' stipulation that the statute of limitations had run. However, it is unclear if the trial court was aware that even without good cause, it was still permitted to grant an extension of time for service if it was warranted under the circumstances. REVERSED and REMANDED for reconsideration in light of this opinion.
WOLF, C.J. and WEBSTER, J., Concur.
NOTES
[1] See § 95.11(3)(a), Fla. Stat. (2002).
[2] See also Chaffin v. Jacobson, 793 So.2d 102, 104 (Fla. 2d DCA 2001) (holding trial court abused its discretion by not extending the time for service where the statute of limitations had run, and where service had been achieved at the time of the hearing on the motion to dismiss); Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring & dissenting) (opining that where there has been no showing of good cause or excusable neglect, but where statute of limitations has run, discretion should normally be exercised in favor of giving an extension of time for service of process); Nationsbank N.A. v. Ziner, 726 So.2d 364, 367 (Fla. 4th DCA 1999) (holding trial court abused its discretion by dropping defendant as a party based on plaintiff's failure to timely serve defendant because statute of limitations had run).