PER CURIAM.
 

 Laura Roberts appeals from the trial court’s dismissal of her lawsuit with prejudice due to untimely service of process under Florida Rule of Civil Procedure 1.070(j)- We reverse.
 

 Appellant filed suit on July 23, 2007, seeking damages for personal injuries suffered in a motor vehicle accident that occurred on October 20, 2003. Co-appellee, Edward Stidham, was the driver of the other vehicle that was owned by Co-appel-lee, Debra Driskell. Appellees were served on December 22, 2007.
 

 After being served, Appellees moved to dismiss the complaint based on Appellant’s failure to comply with rule 1.070®. Appellant filed a response, conceding that service was thirty-two days late, but asserted that she had good cause for failing to serve process within 120 days. In support, she filed an affidavit by process server Jeffrey Westbrook. In addition to asserting good cause, Appellant also pointed out that the trial court possessed broad discretion to allow service outside the 120-day period if the statute of limitations would bar the refiling of the action, as was the case here.
 
 [1]
 

 Westbrook’s affidavit averred that he received the summons, complaint, and discovery requests on July 31, 2007, and thereafter, on at least ten occasions, personally attempted to serve Appellees at their last known address in Crystal River. On his fifth attempt, he left a business card on their door, but they did not contact him. On December 21, 2007, Westbrook again attempted to serve Appellees at 8:30 p.m., but spoke with a neighbor who told him that Appellees spent most of their time in Georgia with family, but that they usually visited Florida over the Christmas holidays. The neighbor also informed Westbrook that she observed Driskell’s son, Edward Stidham, at the home earlier in the day. Acting on this information, Westbrook returned the next morning, and ultimately Stidham opened the back door to Westbrook’s knock. Westbrook confirmed Stidham’s identity, personally served him, and served Driskell by substitute service. Upon being served, Stidham told Westbrook that his father told him not
 
 *1157
 
 to respond to the business card Westbrook previously left at their home.
 

 The trial court granted the motion to dismiss,
 
 [2]
 
 stating that it was incumbent upon Appellant to move for an enlargement of time to effect service of process, particularly when she knew or reasonably should have known that service of process would not be accomplished within 120 days. The trial court also found that it should not have taken five months for Appellant to ask a neighbor when Appellees would be home.
 

 In response, Appellant filed a motion for reconsideration and request for oral argument with a memorandum of law and a supplemental affidavit by Westbrook.
 
 [3]
 
 Westbrook’s supplemental affidavit added that the house appeared shuttered with cobwebs on the door, and the carport, large enough for a RV, was empty. West-brook tried several times to contact the neighbors, but they did not answer his knocks. Appellant argued that West-brook’s ten attempts to serve process demonstrated a diligent effort and established good cause not to dismiss the complaint. We agree.
 

 This court reviews the trial court’s dismissal of a complaint for failing to timely effect service under rule 1.070(j) for an abuse of discretion.
 
 Carlton v. Wal-Mart Stores, Inc.,
 
 621 So.2d 451, 454 (Fla. 1st DCA 1993). Florida Rule of Civil Procedure 1.070(j) reads:
 

 (j)
 
 Summons; Time Limit.
 
 If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
 

 When a plaintiff shows good cause for failure to serve process within 120 days, the trial court must extend the time for service and has no discretion to do otherwise.
 
 Pixton v. Williams Scotsman, Inc.,
 
 924 So.2d 37, 39 (Fla. 5th DCA 2006). The trial court has broad discretion to extend the time for service even when good cause for failing to meet the 120-day deadline has not been shown.
 
 Bacchi v. Manna of Hernando, Inc.,
 
 743 So.2d 34, 34 (Fla. 5th DCA 1999). However, even when there has been no showing of good cause or excusable neglect and the statute of limitations has run, discretion should be exercised in favor of allowing the plaintiff
 
 *1158
 
 an extension to accomplish service.
 
 Kohler v. Vega-Maltes,
 
 838 So.2d 1249, 1250 (Fla. 2d DCA 2003). Even without a motion to extend, dismissal is required
 
 only if
 
 reasonable cause for the delay in service is not documented.
 
 Root v. Little,
 
 721 So.2d 836, 837 (Fla. 5th DCA 1998). Rule 1.070(j) is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfea-sor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause.
 
 Id.
 

 We deem Appellant’s efforts to effect service sufficient to establish good cause for failure to comply with rule 1.070© and hold that the trial court abused its discretion in dismissing the lawsuit, effectively depriving Appellant of her day in court. Additional steps can always be taken to effect service of process. While what was not done may be relevant, the affirmative steps taken in this case were clearly adequate to avoid a dismissal with prejudice.
 

 REVERSED.
 

 LAWSON, EVANDER and COHEN, JJ., concur.
 

 [1]
 

 . Because Appellant's action was founded upon negligence, she had four years from the date of the accident to file her complaint. § 95.11(3), Fla. Stat. (2003).
 

 [2]
 

 . Initially, the appeal challenged the order granting the dismissal of the complaint with prejudice. After this court relinquished jurisdiction for the trial court to enter an appeal-able final order, Appellant sought and filed the trial court’s final judgment dismissing the lawsuit with prejudice. This court entered an order, noting and accepting the final judgment, and stating that the appeal shall proceed as to the final judgment rendered December 30, 2008.
 

 [3]
 

 . The trial court erroneously believed it lacked authority to consider the supplemental affidavit. Because the result is not altered by either its inclusion or exclusion, any discussion of this point is unnecessary.