CLARK, J.
The trial court dismissed the appellant’s civil action based on the appellant’s failure to serve process and the initial pleading within the time specified in Rule 1.070(j), Florida Rules of Civil Procedure. Because the dismissal was within the trial court’s discretion upon the appellant’s failure to comply with rule 1.070(j), we AFFIRM.
The appellant filed a negligence complaint and other pleadings. More than a year passed without service of the complaint or any further record activity. One of the defendants subsequently filed a motion to dismiss the action, and pointed out that rule 1.070(j) provides that service of process and the initial pleading is to be made within 120 days of the initial filing. The appellant sought leave to file an *754 amended complaint, and immediately before the hearing on the defendant’s motion to dismiss the appellant served an amended complaint. After the hearing the court granted the defendant’s motion and dismissed the action, finding that the appellant had not shown good cause or excusable neglect for his failure to serve the initial pleading within the 120-day time allowed by rule 1.070(j).
The order dismissing the action directed the parties to submit memoranda addressing whether the amended complaint would relate back to the date of the original filing of the initial pleading. The appellant acknowledged that the court had effectively dismissed the case in its entirety, because the statute of limitations would bar a subsequent filing. The appellant requested the court to reconsider and set aside the dismissal, and requested the court exercise its discretion to grant an extension of time for the initial service.
Thereafter, the court denied the request to set aside the dismissal based on its balancing of the competing policy considerations between allowing the lawsuit to proceed to a resolution on the merits, and the preclusive effect of the statute of limitations which protects defendants from being compelled to defend stale claims where memories may have faded and evidence might no longer be available. See e.g. Totura & Co. v. Williams, 754 So.2d 671 (Fla.2000). The court referred to the protracted period of time which had passed without service in this case, and noted that the lawsuit was based on an incident which had occurred more than six years previously. The court determined that given the circumstances, an extension of time should not be granted. The court entered a judgment for the defendants, while reiterating its ruling on the motion to dismiss.
The appellant now asserts that the trial court abused its discretion in dismissing the action. The appellant suggests that the trial court should not have given effect to policy considerations pertaining to the statute of limitations, and instead should have applied the preference for allowing civil actions to proceed to the merits, as recognized in cases such as Chaffin v. Jacobson, 793 So.2d 102 (Fla. 2d DCA 2001), and Britt v. City of Jacksonville, 874 So.2d 1196 (Fla. 1st DCA 2004). The appellant contends that the present case is controlled by this court’s decision in Sly v. McKeithen, 27 So.3d 86 (Fla. 1st DCA 2009).
In both Chaffin and Britt dismissals due to untimely service were overturned on appeal, where the statute of limitations would preclude refiling. The appellate court in Chaffin indicated that the trial court’s discretion should normally be exercised in favor of giving the plaintiff an extension of time for service in that situation. The trial court in Britt was apparently not aware that it had such discretion. However, in the present case the trial court was aware of the extent of its discretion and the court properly considered the impact of the statute of limitations. While the observation in Chaffin as to how such discretion should normally be exercised was repeated in Sly, and this court likewise ruled there that the trial court should have granted an extension of the time for service where the limitations period had expired and service was made before a hearing on the motion to dismiss, the trial court’s exercise of discretion is properly based on all of the pertinent circumstances. Indeed, decisions such as Pixton v. Williams Scotsman, Inc., 924 So.2d 37 (Fla. 5th DCA 2006), indicate that even when the statute of limitations will bar a further action, the trial court does have the discretion to dismiss a case for a failure of service under rule 1.070(j) after *755 properly considering the factors pertaining to such a dismissal.
The trial court in the present case gave full and appropriate consideration to the pertinent factors, and in light of the circumstances in this case the dismissal was not an abuse of the trial court’s discretion. The appealed order is therefore affirmed.
VAN NORTWICK and RAY, JJ„ concur.