WOLF, J.
Appellant, Barbara Green, challenges an order granting a motion to quash service of process and dismissing her cause of action against appellee, Jennifer Lingle. We find one of the issues raised by appellant to be dispositive. The trial court erred in denying appellant’s request for an extension of the 120-day time period to perfect service against appellee Lingle, as set forth in Florida Rule of Civil Procedure 1.070®, because the statute of limitations had run, and it is unclear that the trial court was aware that it was permitted to grant an extension even without good cause. Carter v. Winn-Dixie Store, Inc., 889 So.2d 960, 961 (Fla. 1st DCA 2004).
On April 29, 2014, the trial court entered an order granting the motion to quash and dismissing the case as to Lingle. The court indicated there was a hearing held on the matter, although no transcript appears in the appellate record. “Based upon the argument and the Court’s review of the record,” the court found “it appears that the service of process was not served on the Defendant, Jennifer Lingle, within 120 days after the filing of the initial pleading” and that “it does not appear that the Plaintiff has shown good cause or excusable neglect for the failure to serve within that time period nor has the Plaintiff complied with § 48.161, Fla. Stat. or § 48.171, Fla. Stat.,” which set certain requirements for filing substitute service through the Secretary of State.[1]
Appellant filed a motion for reconsideration and rehearing. Appellant argued (1) *223 she showed excusable neglect and good cause for the delay in service, and thus she was entitled to an extension of the 120-day time period in which to serve process; or alternatively, (2) even if the court found she did not show good cause in the delay, she was still entitled to an extension to perfect service because the statute of limitations had run, and she would be left without recourse against the defendant. The court denied the motion. This timely appeal follows.
Appellant argues that regardless of whether she had good cause for failing to serve process within 120 days, the trial court erred in dismissing her cause of action because the statute of limitations has already run, and therefore she will be unable to refile. She relies on a line of cases that held under the current version of rule 1.070(3), a trial court generally abuses its discretion in failing to grant an extension of the 120-dáy time period where the statute of limitations has run. Thus, she asks this court to reverse and remand with instructions that she be given a reasonable amount of time within which to serve ap-pellee. Alternatively, she asks this court to reverse and remand for the trial court to consider the appropriate factors.
Because it is unclear whether the trial court considered all of the proper factors, we reverse and remand for further consideration.
In Chaffin v. Jacobson, 793 So.2d 102, 104 (Fla. 2d DCA 2001), the Second District held that under rule 1.070(3) a court generally abuses its discretion in dismissing a case for failure to comply with the 120-day rule if the statute of limitations has run:
[I]n a case such as this, where the statute of limitations has run, we agree with
Judge Cope that:
Discretion in these circumstances must be exercised with the understanding that Florida has a longstanding policy in favor of resolving civil disputes on the merits. Furthermore, the purpose of Rule 1.070(3) ⅛ to speed the progress of cases on the civil docket, but not to give defendants a “free” dismissal with prejudice. Thus, where there has been no showing of good cause or excusable neglect, but the statute of limitations has run, discretion should normally be exercised in favor of giving the plaintiff an extension of time to accomplish service.
Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part).
(Emphasis added).
This court adopted the reasoning of Chaffin in Sly v. McKeithen, holding, “In situations where the statute of limitations has run, the trial court should normally exercise discretion in favor of giving the plaintiff additional time to perfect service.” 27 So.3d 86, 87 (Fla. 1st DCA 2009) (emphasis added) (citing Chaffin, 793 So.2d at 104). “Where the statute of limitations has run, ‘[discretion in these circumstances must be exercised with the understanding that Florida has a longstanding policy in favor of resolving civil disputes on the merits,’ ” and that rule 1.070(3) should “serve as ‘a case management tool’ and not as ‘a severe sanction.’ ” Id. (quoting Chaffin, 793 So.2d at 103-04; Brown v. Ameri Star, Inc., 884 So.2d 1065, 1067 (Fla. 2d DCA 2004)).
Lingle argues the ease at hand is distinguishable from Chaffin and Sly because here service had not been properly obtained at the time of the hearing on the motion to dismiss. Instead, appellee argues that appellant made no good faith effort to effect proper service before the *224 hearing on the motion to dismiss,' even though the motion to dismiss alerted her to the deficiencies in her substitute service. Appellee complains that appellant waited until the day before the hearing to request, for the first time, an extension in order to effect proper service. Thus, appellee argues it was not an abuse of discretion to dismiss here.
Appellee is correct that Chaffin, Sly, and several other opinions have considered the fact that service was obtained prior to the hearing on the motion- to dismiss in determining that the trial court abused its discretion in dismissing. See, e.g., Kohler v. Vega-Maltes, 838 So.2d 1249, 1251 (Fla. 2d DCA 2003) (finding “the trial court abused its discretion in granting the motion to dismiss where the statute of limitations had run and an affidavit of compliance had been filed at the time of the hearing on the motion to dismiss”); Scullock v. Gee, 161 So.3d 421 (Fla. 2d DCA 2014) (trial court abused its discretion by dismissing complaint where service was made more than 120 days after the complaint was filed and the statute of limitations had run).
Appellee’s argument overlooks several factors. First, although courts have considered as a factor whether service was perfected prior to the hearing on a motion for dismissal, no court has set this factor as a bright-line rule. Instead, the general rule set forth in Chaffin is that in this context, “‘discretion should normally be exercised [to give] the plaintiff an extension of time to accomplish service.’ ” Chaffin, 793 So.2d at 104 (emphasis added).
To set as a bright-line rule that counsel has to perfect service prior to a hearing on a motion to dismiss, without consideration of the other facts in the case, is contrary to the purpose of the amendment to rule 1.070(j), which was to avoid the “often .... harsh results, such as where noncompliance triggered dismissal without prejudice, but expiration of the statute of limitations would preclude refiling of the action.” Totura & Co., Inc. v. Williams, 754 So.2d 671, 677 (Fla.2000). As this court explained in Sly, ‘“Florida has a longstanding policy in favor of resolving civil disputes on the merits,’ ” and rule 1.070(j) is to “serve as ‘a case management tool’ and not as ‘a severe sanction.’ ” 27 So.3d at 87-88 (quoting Chaffin, 793 So.2d at 104; Brown, 884 So.2d at 1067).
Second, although appellant did not perfect her service in response to the motion to dismiss, she filed a response arguing that her substitute service was proper. She asked in the alternative, if the court found the substitute service was ineffective, for an extension of time to re-serve appellee. Although her argument that her service was proper was without merit, appellant should not be sanctioned for challenging appellee’s claim that the service was improper.
While we affirmed the dismissal of a complaint for failure to comply with rule 1.070(j) after the statute of limitations had run in Powell v. Madison County Sheriffs Dept., 100 So.3d 753, 753 (Fla. 1st DCA 2012), the case before us is factually distinguishable because here, appellant did not wait over a year without taking any effort to effect service. Appellant hired a process server and made one attempt at serving notice during the 120-day period. She then attempted to serve notice by substitute service through the Secretary of State 12 days after the 120-day period ended.[2]
*225 Further, unlike in Powell, here it is unclear from the court’s order whether the court granted the motion to dismiss after considering the proper factors. In Powell, the trial court’s dismissal was “based on its balancing of the competing policy considerations between allowing the lawsuit to proceed to a resolution on the merits, and the preclusive effect of the statute of limitations which protects defendants from being compelled to defend stale claims where memories may have faded and evidence might no longer be available.” Id. at 754. The trial court “referred to the protracted period of time which had passed without service” in that case and concluded that “given the circumstances, an extension of time should not be granted.” Because the lower court’s “exercise of discretion [was] properly based on all of the pertinent circumstances” and the court “properly consider[ed] the factors pertaining to such a dismissal,” this court found there was no abuse of discretion in dismissal. Id. at 754-55.
Courts have also reversed and remanded where it was unclear if the lower court considered the proper factors when dismissing with prejudice in this type of case. In Britt v. City of Jacksonville, 874 So.2d 1196, 1198 (Fla. 1st DCA 2004), this court reversed the dismissal of a complaint based on the plaintiffs failure to show cause for serving process 4 days after the 120-day period ended. “Because the trial court in the instant case failed to determine whether the running of the statute of limitations warranted an extension of time for service,” this court reversed and remanded for reconsideration.
In Carter v. Winn-Dixie Store, Inc., 889 So.2d 960, 961 (Fla. 1st DCA 2004), we reversed and remanded the dismissal of a cause of action for failure to comply with rule 1.070(j) after the statute of limitations had run where, as here, the trial court’s only reason for failing to grant an extension was that good cause had not been shown. Other factors must be considered.
In Pixton v. Williams Scotsman, Inc., 924 So.2d 37, 40 (Fla. 5th DCA 2006), the Fifth District reversed a trial court’s dismissal of a complaint after the statute of limitations had run for counsel’s failure to comply with rule 1.070(j) and remanded for consideration under factors set forth in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), to determine whether dismissal with prejudice was the most appropriate sanction for an attorney’s neglect in complying with filing deadlines or other' procedural requirements.
While we have not specifically adopted the Kozel factors in this context, in Crews v. Shadbume, this court noted that although Kozel did not specifically involve rule 1.070(j), equally applicable in this context is the Kozel court’s finding that “ ‘to dismiss the case based solely on the attorney’s neglect unduly punishes the litigant and espouses a policy that this Court does not want to promote’ ” and that “dismissal ‘should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.’ ” 637 So.2d 979, 981 (Fla. 1st DCA 1998) (quoting Kozel, 629 So.2d at 818).
We, therefore, REVERSE and REMAND to the trial court to assess whether dismissal is proper, taking into consideration all appropriate factors. Carter, 889 So.2d at 961.
BENTON and RAY, JJ., concur.

. Appellant now acknowledges that the substitute service was invalid and does not rely on it for purposes of this appeal.

. Appellee agrees the 120-day period ended on December 4, 2013, and appellant had the clerk issue a summons via substitute service on December 16, 2013.