IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


REGIONS BANK,

      Appellant,

 v.                                     Case No.  5D16-1474

BECKY BUONCERVELLO,

      Appellee.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Osceola County,
Kevin B. Weiss, Judge.

Jonathan P. Hempfling, of Marcadis
Singer, P.A., Tampa, for Appellant.

David M. Chico, of David Chico Law
Group, Celebration, for Appellee.


PER CURIAM.

     Regions Bank ("Bank") appeals the trial court's order dismissing its deficiency

judgment action against Becky Buoncervello for failing to timely serve the complaint. We

find that the trial court abused its discretion by dismissing the complaint. Accordingly, we

reverse and remand for further proceedings.

In May 2010, Bank obtained a final judgment of foreclosure against Buoncervello for $1,703,296.78. Bank instituted this action in May 2014 to collect a $1,346,771.48 deficiency judgment, plus interest from the sale date of January 19, 2011. Bank's initial summons (dated May 7, 2014) and subsequent alias summons (dated September 26, 2014) were both returned as non-served. In October 2015, Buoncervello moved to dismiss Bank's complaint for failure to serve within 120 days pursuant to Florida Rule of Civil Procedure 1.070(j). Bank filed no response to the motion to dismiss. Moreover, the trial court held a hearing on the motion to dismiss in April 2016, but no transcript of the hearing appears in the record on appeal. After the hearing, the trial court dismissed the complaint without prejudice.

We review a trial court's order dismissing an action for failure to timely serve the complaint for an abuse of discretion. Wagner v. Strickland, 908 So. 2d 549, 550 (Fla. 1st DCA 2005). Generally, the trial court enjoys "broad discretion to extend the time for service even when good cause for failing to meet the 120-day deadline has not been shown." Roberts v. Stidham, 19 So. 3d 1155, 1157 (Fla. 5th DCA 2009) (citing Bacchi v. Manna of Hernando, 743 So. 2d 34, 34 (Fla. 5th DCA 1999)). When the statute of limitations has run, preventing refiling of the complaint, trial courts should exercise discretion in favor of extending the service deadline:

> [I]f such a dismissal order is entered after the expiration of the statute of limitations, precluding timely refiling of the action, given Florida's "long-standing policy in favor of resolving civil disputes on the merits," and the intent that rule 1.070(j) serve as a "case management tool" and not as "a severe sanction," it ordinarily is an abuse of discretion not to allow additional time for service of the summonses even in the absence of a showing of good cause or excusable neglect.

Brown v. Ameri Star, Inc., 884 So. 2d 1065, 1067 (Fla. 2d DCA 2004) (quoting Chaffin v. Jacobs, 793 So. 2d 102, 103–04 (Fla. 2d DCA 2001)).

Here, the record on appeal contains a return of service affidavit showing that Buoncervello was individually served with the pluries summons and complaint on May 14, 2015, at 1:25 p.m. It remains unclear whether Bank provided this document to the trial court because it filed no response to Buoncervello's motion to dismiss and, although its counsel attended the hearing, no transcript of the same appears in our record on appeal. We note, however, that Buoncervello does not challenge the return of service as defective or otherwise dispute that she was served on the date reflected therein. See Lazo v. Bill Swad Leasing Co., 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989) ("[A] return of service which is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary." (citing Magazine v. Bedoya, 475 So. 2d 1035 (Fla. 3d DCA 1985))). We cannot reconcile the trial court's dismissal with the unchallenged return of service demonstrating that Bank served Buoncervello approximately one month before the trial court dismissed the complaint. For these reasons, we reverse the trial court's order dismissing the case and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

SAWAYA, TORPY, and WALLIS, JJ., concur.