PER CURIAM.
CapitalSource International, LLC f/k/a CapitalSource International, Inc., appeals the dismissal of its complaint to enforce a promissory note for failure to effectuate service of process on Spiridon E. Pitsoulakis. We find that the trial court abused its discretion in dismissing the complaint, and therefore, reverse.
In March 2007, Pitsoulakis executed a promissory note in the principal amount of $ 854,630, which matured on May 1, 2012. On April 28, 2017, CapitalSource filed its complaint to enforce the note. When CapitalSource was unable to serve Pitsoulakis within the time allowed by Florida Rule of Civil Procedure 1.070(j), it sought and obtained two extensions of time to do so. CapitalSource continued to have difficulties locating and serving Pitsoulakis and requested a third extension of time. In support, it submitted affidavits of several process servers who had attempted to locate and serve Pitsoulakis at residential and business locations in Jacksonville, Clearwater, Plant City, and Sarasota. The trial court denied CapitalSource's third motion and dismissed the complaint.
*303 In its motion for rehearing, CapitalSource set forth in greater detail its attempts at locating and serving Pitsoulakis. It noted that it had hired two private investigators and set forth the addresses at which it had attempted to locate Pitsoulakis, phone conversations it had with Pitsoulakis and others claiming to be his relatives, attempts to locate Pitsoulakis through hours of online and digital searches, surveillance, interviews, and stakeouts. It informed the court that the statute of limitations had run and consequently it would not be able to refile the complaint, thereby resulting in a nearly $ 900,000 windfall to Pitsoulakis, who it believed was evading service. The trial court denied rehearing.
We review an order dismissing an action for failure to serve the complaint under an abuse of discretion standard. Regions Bank v. Buoncervello , 220 So.3d 1225, 1227 (Fla. 5th DCA 2017). Moreover, where, as here, the court dismisses an action when the statute of limitations has run, thereby precluding refiling of the complaint, the court should exercise discretion in favor of extending the service deadline. Id. (citing Brown v. Ameri Star, Inc. , 884 So.2d 1065, 1067 (Fla. 2d DCA 2004) (holding that "it ordinarily is an abuse of discretion not to allow additional time for service of the summonses even in the absence of a showing of good cause or excusable neglect" if dismissal is entered after expiration of statute of limitations precluding refiling of action) ). Here, CapitalSource established good cause for its failure to serve Pitsoulakis within the time allowed by rule 1.070(j) and the court's prior extensions. The trial court abused its discretion in denying the extension and dismissing the action, particularly where CapitalSource was precluded from refiling the action. See Roberts v. Stidham , 19 So.3d 1155, 1158 (Fla. 5th DCA 2009) (" Rule 1.070(j) is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause." (citation omitted) ). We reverse and remand for further proceedings.
REVERSED and REMANDED.
BERGER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.