# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1604
Lower Tribunal No. 22-5034
_____

**Michelet Denose,**
Appellant,

vs.

**Erik Gallardo Garcia,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Michael S. Kaufman, for appellant.

No appearance for appellees.

Before LOGUE, C.J., and HENDON and GORDO, JJ.

LOGUE, C.J.

Michelet Denose appeals the trial court's denial of his second request for enlargement of time to serve Erik Gallardo Garcia, and its dismissal of Garcia from the case.

On March 17, 2022, the last day of the statute of limitations period, Denose sued Garcia and Honda Lease Trust for negligence arising from a motor vehicle accident. At the time he filed his complaint, Denose did not submit a summons for issuance by the clerk. As a result, on April 26, 2022, the trial court issued an order noting the lack of activity since the filing of the lawsuit and ordering Denose to secure issuance of the summons and service of process on the defendants. The order expressly stated that the trial court would dismiss the case if Denose failed to comply with the deadlines for service set forth in the Florida Rules of Civil Procedure.

On July 6, 2022, over two months after the trial court's order, Denose finally submitted the summons. On July 14, 2022, Denose filed a motion for enlargement of time to serve Garcia due to the clerk's delay in issuing the summons after his submission. Denose also noted that the prior delay in initially securing the summons at the time he filed the complaint was due to personal and health related reasons of counsel. The trial court granted the motion the same day and allowed an additional 30 days to secure service. In doing so, the trial court noted that Denose "waited until the 111[th] day following the filing of suit to begin the service process by asking for the first summons to be issued."

On August 12, 2022, Denose filed a second motion for enlargement of time to serve Garcia. Denose noted that Honda Lease Trust had been served but no service was obtained for Garcia. Denose requested an alias summons to serve Garcia via the Secretary of State on August 11, 2022, and was awaiting issuance and delivery to the Secretary of State. Denose noted that the statute of limitations had expired on his action and requested an additional 30 days to complete service on Garcia via the Secretary of State.

On August 19, 2022, the trial court denied the request for enlargement of time and dismissed Garcia from the case, noting that the case was now 155 days old and Denose failed to serve Garcia within the 120 days originally afforded or the 30 additional days previously provided by the court. Because the statute of limitations period had expired on Denose's claim against Garcia, this dismissal acted as a dismissal with prejudice.

While we are sympathetic that the statute of limitations has expired on Denose's claim against Garcia, the trial court has discretion to dismiss a case for a failure of service under Rule 1.070(j) even when the statute of limitations serves to bar an action. See Powell v. Madison Cnty. Sheriff's Dept., 100 So. 3d 753, 754 (Fla. 1st DCA 2012) (upholding dismissal for failure to effectuate service despite expiration of statute of limitations where trial court balanced the competing policy considerations between allowing lawsuit to proceed to

3

a resolution on the merits and the preclusive effect of the statute of limitations which protects defendants from being compelled to defend stale claims where memories may have faded and evidence might no longer be available).

Affirmed.