# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1374
Lower Tribunal No. 22-24284-CA-01
_____

**Laura Villasmil,**
Appellant,

vs.

**Terry Steele, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Billera Law, PLLC, and John Fitzgerald Billera (Boca Raton); Christopher J. Bailey, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez, and Meagan Colter (Tampa), for appellee Hilaire Bass.

Before SCALES, C.J., and LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. <u>Chaffin v. Jacobson</u>, 793 So. 2d 102, 103-104 (Fla. 2d DCA 2001) ("[Florida Rule of Civil Procedure 1.070(j)] presents a trial court with three options when a plaintiff has not properly served a defendant within 120 days after filing the initial pleading. Those options are: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion."); <u>Powell v. Madison Cnty. Sheriff's Dep't.</u>, 100 So. 3d 753, 754-755 (Fla. 1st DCA 2012) ("[The court balances] the competing policy considerations between allowing the lawsuit to proceed to a resolution on the merits, and the preclusive effect of the statute of limitations which protects defendants from being compelled to defend stale claims where memories may have faded and evidence might no longer be available. . . . [E]ven when the statute of limitations will bar a further action, the trial court does have discretion to dismiss a case for a failure of service under rule 1.070(j) after properly considering the factors pertaining to such a

dismissal.  The trial court in the present case gave full and appropriate consideration to the pertinent factors, and in light of the circumstances in this case the dismissal was not an abuse of the trial court's discretion.  The appealed order is therefore affirmed.").